Albert Roy SANCHEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 08–84–00207–CR.

Court of Appeals of Texas,
El Paso.

May 22, 1985.

William R. Bowden, Odessa, for appellant.

Al W. Schorre, Jr., Dist. Atty., Midland, for appellee.

Before WARD, OSBORN and SCHULTE, JJ.

OPINION

OSBORN, Justice.

This is an appeal from a revocation of probation. On May 31, 1983, Appellant initially pled guilty to a charge of burglary of a building and was placed on five years probation. On February 22, 1984, he was convicted by a jury of the offense of attempted capital murder, allegedly committed on October 6, 1983. On April 16, 1984, upon a State's motion, the court revoked probation based upon the October, 1983, stabbing of Appellant's fiancee's mother. Punishment was assessed at five years imprisonment. We affirm.

The sole ground of error urged on appeal contends that the Appellant was denied compulsory process for the securing of out-of-state witnesses on his behalf by improper denial of his request for certificates under Tex.Code Crim.Pro.Ann. art. 24.28, sec. 4 (Vernon Pamphlet Supp.1966–1985). Specifically, Appellant sought subpoenae for Cindy Nelson (his fiancee and daughter of the victim), Orrill Cotton and Bobby Sanchez, residents of California, whom he intended

to call as witnesses to his reputation as a peaceful and law abiding citizen. He also expressed an intent to call Cindy Nelson with regard to her knowledge of his prior relationship with the victim. Tex.Penal Code Ann. sec. 19.06 (Vernon 1974). On March 8, 1984, Appellant filed motions for certificates with regard to each of these witnesses. An additional motion was filed with regard to securing the attendance of his mother, Ruby Sanchez, as a reputation witness. She did not attend the revocation hearing, but no present complaint is made concerning deprivation of her testimony. She did testify at the trial on the merits of the stabbing, which is also pending appeal before this Court (*Sanchez v. State*, Cause No. 08–84–00208–CR). A consolidated statement of facts, containing both the trial and revocation evidence, appears in that record. We note from that statement of facts that despite seeking her subpoena as a reputation witness, no reputation testimony was elicited from her during the defense examination. Similarly, no reputation evidence was elicited from defense witness Tony Diaz who had known Appellant since 1975, in both El Paso, Texas, and California.

Appellant also sought process for these same out-of-state witnesses in connection with the stabbing trial. Appellant filed a motion for special setting on January 20, 1984. Attached was an affidavit from Appellant indicating the general subject matter of each witness's desired testimony. An unsworn motion, signed by counsel, was also filed with regard to each witness repeating the expected general area of testimony. No affidavits of the witnesses themselves were presented. In the present revocation case, the motions alone were filed on March 8, 1984. No supporting affidavits of the Appellant, the witnesses or any other person were offered in support of the request for out-of-state witnesses.

■ Even if we charge the trial court with consideration of Appellant's January 20 affidavits in support of his March applications for subpoenaing the out-of-state

witnesses, the record discloses no reversible error in the trial court's denial of his motions. The revocation judge also presided at the trial on the merits of the stabbing. He was entitled to evaluate the evidence at that trial in assessing the Appellant's request for out-of-state witnesses at the revocation hearing.

■ The burden is upon the applicant under Article 24.28 to establish that the expected testimony of the witnesses will be material, favorable and necessary. Appellant's own bare assertion is not sufficient to require the court to grant his request. *Weaver v. State*, 657 S.W.2d 148 (Tex.Crim. App.1983). Nelson, Sanchez and Cotton were described as reputation witnesses. None of the Appellant's requesting documents, for either the trial or the revocation hearing, stated that comparable testimony was not available from other sources. In fact, as noted above, out-of-state witness Ruby Sanchez and Tony Diaz did appear for the defense at the February trial, and no effort was made by the defense to elicit such testimony. The court observed such testimony, and the absence of any inquiry as to Appellant's reputation could certainly be viewed by the trial judge as discrediting the pretrial and prerevocation request for subpoenae. Cindy Nelson's testimony was also assertedly sought with regard to the prior relationship between the Appellant and the victim. The prerevocation request provided no further explanation and standing alone would be insufficient to establish the materiality of the testimony or its favorable character to the defense. The pretrial application did provide greater detail, suggesting that Nelson would testify as to threats made by the victim to have Appellant's probation revoked. Even that assertion does not indicate whether the threats were made before or after the stabbing or how their demonstration would be favorable to the defense.

Even more significant is the trial testimony heard by the judge prior to ruling on the witness request for the revocation hearing. The testimony of the victim and the Appellant was virtually identical in describing

the prior relationship and the events of the stabbing. Appellant's written confession also mirrored their testimony. These three sources all reflected that Appellant was well liked by the victim and her husband; he resided with them for a period of time in Midland; he was engaged to their daughter Cindy Nelson (sixteen at the time); the victim was not at all opposed to their wedding, only dictating that they wait until Cindy was eighteen. No inquiry was made by the defense of either the victim or the Appellant as to any threats made against him by her. Nor is there any indication in the confession of any such threats. Once again, this tends to discredit the basis for Appellant's request for attendance of the out-of-state witness.

In summary, we conclude that the trial judge, having before him the pretrial requests, the prerevocation requests and the entire testimony adduced at the trial on the merits of the stabbing, was correct in concluding that Appellant had not established the prerequisites of materiality, favorable character, and need for the testimony of the out-of-state witnesses to justify their compulsory attendance. Ground of Error No. One is overruled.

The judgment of the trial court is affirmed.