**Albert Roy SANCHEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 08–84–00208–CR.

Court of Appeals of Texas, El Paso.

May 22, 1985.

William R. Bowden, Odessa, for appellant.

Al W. Schorre, Jr., Dist. Atty., Midland, for appellee.

Before WARD, OSBORN and SCHULTE, JJ.

OPINION

OSBORN, Justice.

This is an appeal from a conviction for attempted capital murder (committed dur-

ing a kidnapping). The jury assessed punishment at twenty years imprisonment. We affirm.

This is a companion case to *Sanchez v. State,* 691 S.W.2d 795 (Tex.App.—El Paso 1985) decided this same date. In that case, we affirmed the trial court's revocation of Appellant's five-year probation for burglary, based upon the stabbing which is the subject of this appeal.

Ground of Error No. Two in this case involves the same issues presented in the appeal of the revocation of probation. For the reasons expressed in that opinion, the same result obtains here. Appellant failed to establish the materiality, favorable character and necessity of testimony from the requested out-of-state witnesses. *Weaver v. State,* 657 S.W.2d 148 (Tex.Crim.App. 1983). No violation of Tex.Code Crim.Pro. Ann. art. 24.28, sec. 4 (Vernon Pamphlet Supp.1966–1985) is shown. Ground of Error No. Two is overruled.

■ In Ground of Error No. One, Appellant contends that the trial court erred in admitting his written statement taken after magistrate's warnings because it was the tainted product of an earlier inadmissible oral statement elicited prior to any warnings being given. The oral statement was not used by the State. The evidence with regard to the taking of the written confession would justify an application of the analysis presented in *Oregon v. Elstad,* — U.S. ——, 105 S.Ct. 1285, 84 L.Ed.2d 222 (1985) and a rejection of the challenge to the trial court's ruling. Furthermore, Appellant took the stand at trial and reaffirmed the entire content of the confession, thus precluding any appellate complaint as to its admissibility. *Thompson v. State,* 652 S.W.2d 770 (Tex.Crim.App.1983); *Crocker v. State,* 573 S.W.2d 190 (Tex. Crim.App.1978). Appellant did not even attempt to rebut the confession. Consequently, the doctrine of curative admissibility is applicable. *Thomas v. State,* 572 S.W.2d 507 (Tex.Crim.App.1976). Ground of Error No. One is overruled.

■ In Ground of Error No. Three, Appellant complains of the court's refusal to charge the lesser included offense of aggravated assault. Appellant's only basis for the requested lesser charge is an assertion that there was evidence that Appellant did not have an intent to kill, as required for conviction under the attempted capital murder and attempted murder charges, but instead intended only to cause serious bodily injury. While aggravated assault is an abstract lesser included offense of both attempted capital murder and attempted murder, this satisfies only the first of the two-part test necessary to establish a right to a charge on the lesser offense. The entire evidence must be examined, without regard to strength or credibility, to see if the lesser offense is raised as a possible interpretation, independent of the greater charge. *Lugo v. State,* 667 S.W.2d 144 (Tex.Crim.App.1984); *Denison v. State,* 651 S.W.2d 754 (Tex.Crim.App.1983). The mere fact that proof of the lesser is subsumed in the proof of the greater offense does not necessitate the lesser submission. The evidence must be logically susceptible to a distinct interpretation of guilt of the lesser as opposed to the greater crime.

■ Appellant in this case denied an intent to kill. Standing alone, this simply amounts to a denial of culpability as to the greater offenses. It does not constitute affirmative evidence of an intent to do the lesser harm of serious bodily injury. In fact, Appellant's best evidence, his own testimony, specifically negated the lesser intent, and it is not raised by any other evidence:

Q. Albert, did you stab Arlene?

A. Yes.

Q. Did you intend to cause her serious bodily injury when you did stab her?

A. I didn't mean to.

Q. Did you want to hurt her in any way?

A. No.

Q. Can you tell the Ladies and Gentlemen of the Jury why you did stab her?

Q. Did you want her to die?

A. No.

Q. Did you want to harm her in any way?

A. No.

While acknowledging the physical conduct of the stabbing, Appellant denied any mental culpability with regard to specific intent to injure. This amounted to a general denial of guilt and did not raise the issue of a less damaging intent. Ground of Error No. Three is overruled.

The judgment of the trial court is affirmed.