*1212
 
 OPINION
 

 By the Court,
 

 Springer, J.:
 

 Appellant Tommy Ray Bell (Bell) was convicted, pursuant to a jury verdict, of twelve counts of uttering a forged instrument. Bell appeals that conviction, asserting that the trial court erred when it rejected his motion to compel the appearance at trial of an out-of-state witness whom Bell asserted was material to his defense. Bell argues that the trial court’s decision denied him his constitutional right to present witnesses in his own behalf, and thus denied him a fair trial. We agree, and therefore reverse the trial court’s decision and remand this case for a new trial.
 

 On or about October 10, 1992, Bell and another man, Steven Beyers (Beyers), arrived in Sparks and took a room at the Sparks Western Village Inn under Bell’s name. The two men stayed there for about three weeks. During that time, Bell signed and cashed fourteen checks worth over $10,000.00 at Western Village, all of them drawn on Worthen Equipment and made out to various companies and Bell, as owner or agent. After the bank returned several of Worthen’s checks to Western Village, a Western Village employee notified the Sparks Police Department of a possible case of forgery. Prior to being contacted by this employee, the Sparks police had received a call from Worthen’s controller reporting that fourteen checks had apparently been stolen from his office. Consequently, the police instructed the Western Village employee to call if the person cashing Worthen’s checks reappeared. Bell was later arrested at Western Village.
 

 A Sparks city police officer testified at trial that, upon arrest,
 
 *1213
 
 Bell waived his Miranda rights, and said that although he had cashed the checks, he had done so at Beyers’ behest. Bell had told the officer that Bell was working for Beyers’ trucking company, Johnson Trucking. In addition, Bell stated that Beyers had asked him to cash the checks because Beyers had forgotten to bring identification. Bell also told the arresting officer that when he cashed the checks, he believed he was acting on behalf of Beyers, his employer, a person engaged in legitimate business transactions. Bell therefore did not question Beyers about the checks. Further, Bell denied having forged the documents, and claimed that someone else had put his name on them.
 

 At Bell’s preliminary hearing, Beyers’ testimony, though not given under oath, corroborated Bell’s version of the events. Although Beyers’ testimony regarding his ownership and administration of Johnson Trucking Company was often rambling and sometimes incredible, Beyers nevertheless unequivocally stated that Bell had not altered the checks. Further, Beyers testified that “to his knowledge” Bell did not know the checks were forged.
 

 Although such testimony was crucial to Bell’s defense, Beyers was not heard at Bell’s trial. By the time Bell’s case was presented to a jury, authorities had removed Beyers, a convicted white-collar criminal, to New Mexico, where he was serving time for another offense. Bell thus brought a motion pursuant to NRS 174.425
 
 [1]
 
 to compel Beyers to appear and testify at Bell’s trial. The trial court denied Bell’s motion.
 

 Bell was subsequently tried before a jury without the benefit of Beyers’ appearance or testimony. Bell’s testimony at trial was consistent with his pre-trial statement described above. The jury nevertheless found Bell guilty of twelve counts of uttering a forged document pursuant to NRS 205.090 and NRS 205.110. The district court sentenced Bell to serve twelve consecutive seven-year sentences.
 

 Generally, a defendant in a criminal action has a right to compel production of witnesses in his or her own behalf. U.S. Const, art. VI; State v. Fouquette, 67 Nev. 505, 221 P.2d 404 (1950). However, the right to produce an out-of-state witness is not absolute.
 
 Id.
 
 at 516, 221 P.2d at 410. NRS 174.425 gives the
 
 *1214
 
 trial court discretion to decide whether to issue a certificate summoning an out-of-state witness to attend and testify based upon its finding that a witness is material to a party’s case.
 
 Fouquette,
 
 67 Nev. at 516, 221 P.2d at 410. A witness is not material merely because one party designates that witness as such.
 
 Id.,
 
 221 P.2d at 410. Rather, a showing of materiality must be made.
 
 Id.,
 
 221 P.2d at 410.
 

 Bell asserts that he made a sufficient showing of materiality to justify his request for compulsory production of Beyers as an out-of-state witness. We agree. The reasons the trial court gave for refusing to compel Beyers’ presence do not stand up to scrutiny. One of the principal reasons the trial judge gave for refusing to compel Beyers’ appearance at trial was his belief that Beyers would probably refuse to testify for fear of incriminating himself. However, the possibility that a witness may invoke his or her Fifth Amendment privilege against self-incrimination, by itself, does not justify refusing to secure an out-of-state witness’ presence. State v. Schreuder, 712 P.2d 264, 275 (Utah 1985). The Fifth Amendment privilege comes into operation only when a specific question is asked.
 
 Id.
 
 (citing State v. White, 671 P.2d 191, 193 (Utah 1983)). Moreover, in order for a claim of privilege to be recognized, it must come from the witness himself or herself.
 
 Id.
 
 (citing
 
 White,
 
 671 P.2d at 193). For these reasons, the trial court’s concern about Beyers’ possible silence was premature. More importantly, given that Beyers had actually, previously offered exculpatory testimony at Bell’s preliminary hearing, it was too speculative to say whether Beyers would refuse to testify, or at what point he might do so.
 

 For similar reasons, we do not believe that the possible unreliability of Beyers’ testimony in this case justified the trial court’s refusal to compel his presence at trial. On the facts presented, it was too speculative to say that because Beyers might tell conflicting stories, his testimony was immaterial to Bell’s defense. The record reflects that Beyers’ testimony at the preliminary hearing was
 
 not
 
 inconsistent regarding the assertion that Bell did not forge the checks or think he was doing anything illegal by cashing them. Rather, the inconsistencies in Beyers’ testimony related to Beyers’ own behavior. Furthermore, we agree with Bell’s assertion that even if Beyers told conflicting stories, it was important for the jury to see Beyers’ demeanor, in order for the jury to have the opportunity to draw its own inferences about whether Beyers was the kind of person capable of duping Bell. Because Bell’s entire defense hinged upon his claim that Beyers had conned him
 
 *1215
 
 into cashing the checks, it was crucial that Beyers appear in court even if, perhaps particularly because, Beyers might have told conflicting versions of the events.
 

 Finally, the trial court refused to compel Beyers’ presence because it said that Bell had an opportunity to bring forth other witnesses who could testify as to Beyers’ conduct, and perhaps substantiate Bell’s claim that Beyers was a skilled con man. Other jurisdictions have determined that given the availability of in-state witnesses who can supply the needed testimony, it is not error for a trial court to deny a party’s request to compel the presence of an out-of-state witness.
 
 See
 
 Com. v. Appleby, 450 N.E.2d 1070 (Mass. 1983); Sanchez v. State, 691 S.W.2d 795 (Tex. 1985). However, such a rule does not apply to the facts of this case. The testimony that might have been offered by in-state witnesses cannot be characterized as an effective substitute for Beyers’ own presence and testimony. Although Bell may have called witnesses to testify to the effect that they, too, had been conned by Beyers, the fact remains that it was Beyers, and Beyers alone, who could say that Bell had not forged the checks, or that Bell did not know the checks were forged.
 

 Our inquiry does not end, however, with a determination that Beyers’ testimony was material. We must also assess whether the exclusion of Beyers’ testimony resulted in prejudice to Bell. The exclusion of a witness’ testimony is prejudicial if there is a reasonable probability that the witness’ testimony would have affected the outcome of the trial. State v. Schreuder, 712 P.2d 264, 275 (Utah 1985). “A reasonable probability is a probability sufficient to undermine confidence in the outcome of the case.”
 
 Id.
 
 712 P.2d 264, 275 (citing Strickland v. Washington, 466 U.S. 668 (1984)).
 

 The evidence presented against Bell at trial was not overwhelming. At trial, the only evidence the State presented supporting its case was that Bell had cashed the checks, that the checks were stolen, and that Bell was not a legitimate payee. However, several witnesses, cashiers at Western Village, testified that Bell was normally in the company of a man who fit Beyers’ description, and that Bell had identified himself to Western Inn cashiers as an employee of Johnson Trucking Company. Further, it came out at trial that upon his arrest, Bell had only fifty dollars in his pocket. Although one witness testified that Bell had accompanied Beyers to the Worthen Equipment office where the checks were apparently stolen, the testimony placed Beyers, not Bell, at
 
 *1216
 
 Worthen Equipment on several occasions. We believe that based upon this record, had Beyers been allowed to testify, there is a reasonable probability that the outcome of this case would have been different. We thus conclude that the trial court’s decision to deny Bell’s motion for compulsory process of an out-of-state witness was reversible error.
 

 Based on the foregoing, we reverse Bell’s conviction and remand this case for a new trial.
 

 Rose, C. J., and Steffen, J., concur.
 

 Young, J., with whom Shearing, J., joins, dissenting:
 

 I must dissent, recalling the words of Julius Caesar that “bad precedents began as justifiable measures.” My colleagues set forth several arguments why Bell should be permitted to present the testimony of Beyers. These arguments, in my opinion, do not justify interfering with the sound discretion of the district court. As well, the majority decision would establish unsound precedent.
 

 In order to compel Beyers to appear, Bell must first demonstrate that Beyers’ testimony would be material. If the testimony is material, the district court, may in its discretion, compel Beyers to appear as an out-of-state witness. In order to reverse Bell’s conviction, it must be shown that the refusal to compel Beyers’ testimony was an abuse of discretion.
 

 The majority maintains that the district court made three errors. First, my colleagues, relying on
 
 Schreuder,
 
 conclude that the possibility that an out-of-state witness may invoke a Fifth Amendment privilege against self-incrimination does not in itself justify refusing to secure that witness. In response, I submit that the district court considered the possibility of claiming the privilege as only one factor in determining whether it was a waste of the court’s time and the public’s money to compel attendance of an out-of-state witness.
 

 In this case, it is highly probable that Beyers would claim his Fifth Amendment privilege. The very testimony that my colleagues determine is material to Bell’s defense is incriminating to Beyers. To help Bell’s defense, presumably Beyers must testify that it was he, and not Bell, who had the intent to forge the checks and thereby expose himself to prosecution.
 

 Second, the majority states that the district court erred in concluding that Beyers’ testimony may be unreliable. The district court concluded that Beyers’ testimony at the pretrial hearing was inconsistent. Even the majority states that Beyers’ testimony was “often rambling and sometimes incredible.” My colleagues argue that “it was too speculative to say that because Beyers
 
 *1217
 
 might tell conflicting stories, his testimony was immaterial to Bell’s defense.” However, I submit that Beyers’ testimony was not consistent and thus cast doubt upon his credibility.
 

 Third, the majority states that the district court erred in concluding that Bell had the opportunity to bring forth other witnesses who could testify. The majority argues this was error because other witnesses would not have been an “effective substitute for Beyers’ own presence and testimony.” The assumption that only Beyers could say that “Bell did not know the checks were forged” is problematic. Even if Beyers testified, and his testimony was viewed in the most favorable light toward Bell, it would not be conclusive on the issue whether Bell knew the checks were forged. Apparently, Beyers could only say that according
 
 to his knowledge,
 
 Bell did not know the checks were forged. This manifestly does not rebut the fact that Bell was aware that he was not the owner or agent of fourteen different businesses and nonetheless cashed fourteen checks written out to those businesses.
 

 Assuming that the district court concluded that testimony was material, it was discretionary whether it would compel the presence of an out-of-state witness. The relevant language of NRS 174.425 states: “If a person in any state ... is a material witness in a prosecution pending in a court of record in this state ... a judge of such a court
 
 may
 
 issue a certificate under the seal of the court stating these facts and specifying the number of days the witness will be required. ...” (Emphasis added.)
 

 The majority also argues that failing to require Beyers to appear was prejudicial because the evidence against Bell was not overwhelming. However, the majority acknowledges that evidence showed that (1) Bell cashed fourteen checks, (2) the checks were stolen, and (3) Bell was not the legitimate payee. In addition, the record reveals that Bell’s name was on the checks as owner or agent of several businesses, and Bell was aware that he was not the owner or agent of those businesses. With Beyers’ credibility in question, it is doubtful that his testimony (that to his knowledge, Bell did not know the checks were forged) would have overcome the strong evidence against Bell.
 

 I am unwilling to establish what I feel would be bad precedent and restrict the trial court’s discretion to decide whether to compel testimony from Beyers, who was incarcerated in another state. Accordingly, I respectfully dissent.
 

 [1]
 

 NRS 174.425, Nevada’s enactment of the Uniform Act to Secure the Attendance of Witnesses from Without the State in a Criminal Proceeding, reads, in pertinent part:
 

 If a person in any state ... is a material witness in a prosecution pending in a court of record in this state . . . a judge of such a court may order a certificate under the seal of the court stating these facts and specifying the number of days the witness will be required.