An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

HUGO ISRAEL CAHUEC,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64393

**FILED**

JAN 29 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

HUGO ISRAEL CAHUEC,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64685

## ORDER OF REVERSAL AND REMAND IN NO. 64393 AND ORDER OF AFFIRMANCE IN NO. 64685

These are consolidated appeals from orders of the district court denying a post-conviction petition for a writ of habeas corpus (Docket No. 64393) and a post-sentencing motion to withdraw a guilty plea (Docket No. 64685). Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.

*Docket No. 64393*

Appellant filed his petition on May 29, 2013, more than eight years after entry of the judgment of conviction on October 20, 2004.[1] Thus, appellant's petition was untimely filed. *See* NRS 34.726(1).

---

[1]No direct appeal was taken.

Appellant's petition was also successive and an abuse of the writ.[2] *See* NRS 34.810(2). Appellant's petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(3). Moreover, because the State specifically pleaded laches, appellant was required to overcome the rebuttable presumption of prejudice to the State. NRS 34.800(2).

First, appellant argues that he has good cause to excuse the procedural bars because he did not receive his files from counsel until 2008. Appellant fails to demonstrate good cause. Appellant did not attempt to obtain his files from counsel until nearly one year after entry of the judgment of conviction and thus has not demonstrated diligence in attempting to obtain his files. Accordingly, any delay in obtaining the files does not demonstrate good cause.

Second, relying in part on *Martinez v. Ryan*, 566 U.S. ___, 132 S. Ct. 1309 (2012), appellant argues that he has good cause to excuse the procedural bars because he did not have counsel in the first post-conviction proceedings. We conclude that this argument lacks merit. The appointment of counsel was discretionary in the first post-conviction proceedings, *see* NRS 34.750(1), and appellant fails to demonstrate an abuse of discretion. Further, this court has recently held that *Martinez* does not apply to Nevada's statutory post-conviction procedures. *See* *Brown v. McDaniel*, 130 Nev. ___, ___, 331 P.3d 867, 874 (2014).

---

[2]*Israel v. State*, Docket No. 52609 (Order Dismissing Appeal, November 19, 2008).

Third, appellant argues that he has good cause to excuse the procedural bars because the State violated its duty to provide the defense with the victim's medical records and the exculpatory statements of witnesses, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). A *Brady* violation occurs when "the evidence at issue is favorable to the accused; the evidence was withheld by the state, either intentionally or inadvertently; and prejudice ensued, i.e., the evidence was material." *Mazzan v. Warden*, 116 Nev. 48, 67, 993 P.2d 25, 37 (2000). "[P]roving that the State withheld the evidence generally establishes cause, and proving that the withheld evidence was material establishes prejudice." *State v. Bennett*, 119 Nev. 589, 599, 81 P.3d 1, 8 (2003). In assessing the materiality of withheld evidence in the context of a guilty plea, the court must consider the following factors:

> (1) the relative strength and weakness of the State's case and the defendant's case; (2) the persuasiveness of the withheld evidence; (3) the reasons, if any, expressed by the defendant for choosing to plead guilty; (4) the benefits obtained by the defendant in exchange for the plea; and (5) the thoroughness of the plea colloquy.

*State v. Huebler*, 128 Nev. ___, ___, 275 P.3d 91, 99 (2012). Appellant fails to demonstrate good cause and prejudice. Appellant merely speculates that the witnesses who prepared the declarations in support of his petition had previously provided similar information to the State, and accordingly, he fails to demonstrate that the State withheld any evidence contained in the declarations. To the extent that the victim's medical records, which showed no physical injury to the victim, were favorable to the defense and withheld by the State, they were not material. Although the State's case

was not strong and the plea colloquy was not particularly thorough, the medical records showing no injury are not particularly persuasive where, as here, the alleged sexual assault was based on a brief touching of the victim's genitals that would not be expected to result in physical injury. Further, appellant received a significant benefit in exchange for his guilty plea in that he was sentenced for the sexual assault to a term of 5 to 20 years when it should have been a term of 15 to 40 years or life with the possibility of parole after 20 years. *See* 2003 Nev. Stat., ch. 461, § 1, at 2825-26.

Appellant thus fails to demonstrate good cause to overcome the untimely, successive, and abusive nature of his petition. Those procedural bars may nevertheless be overcome by demonstrating that the failure to consider the petition would result in a fundamental miscarriage of justice. *Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001). This may be demonstrated by showing that appellant is actually innocent, that is, that "'it is more likely than not that no reasonable juror would have convicted'" him "'in light of all the evidence,'" both new and previously presented. *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)); *see also Mazzan v. Warden*, 112 Nev. 838, 842, 921 P.2d 920, 922 (1996). Yet even the demonstration of actual innocence would not, alone, overcome the rebuttable presumption of prejudice to the State occasioned by the delay in filing the instant petition. To rebut the presumed prejudice, appellant must demonstrate both actual innocence and "that the petition is based upon grounds of which the petitioner could not have had knowledge by the exercise of reasonable diligence before the circumstances prejudicial to the

State occurred." NRS 34.800(1); *see also* NRS 34.800(2). Appellant alleges facts that are not belied by the record, if true, may demonstrate actual innocence and overcome the presumption of prejudice to the State such that he would be entitled to have his underlying constitutional claims heard on their merits.

The district court's finding that the victim's declaration could have been discovered earlier with the exercise of reasonable diligence is not supported by evidence in the record. Rather, the evidence suggests the contrary. Appellant's post-conviction investigator noted that investigators had been in contact with the victim's parents since January 2010, that this most recent investigator had been in contact with them since April 2012, and that the parents had refused to allow the investigator to speak with the victim before March 2013. The parents' apparent reluctance to allow the appellant's post-conviction team to speak with the victim suggests that appellant may not have been able to previously discover the victim's statement disavowing any penetration, even with the exercise of reasonable diligence.

The district court's conclusion that appellant's claim of fundamental miscarriage of justice was "unpersuasive" was also not supported by evidence in the record.[3] The evidence against appellant,

_____

[3]The district court made no findings of fact to support this conclusion, although it cited, without any analysis, to *Callier v. Warden*, which established the standard for analyzing recantation testimony in a post-conviction petition for a writ of habeas corpus. 111 Nev. 976, 989, 901 P.2d 619, 627 (1995). To the extent the district court implicitly found that the victim's declaration was not reliable because it was a recantation, such a finding is not supported by the evidence in the record. The victim's
*continued on next page...*

insofar as contained in the record before this court, was primarily the four-year-old victim's statement to the police and testimony at the preliminary hearing, as well as appellant's statement to the police. Appellant told the detective that he had accidentally hit the victim with a piece of wood "in her vagina," the victim was going to cry so he placed her on the edge of the van into which he was loading the wood, and he pulled out her shorts and rubbed her "vagina" briefly under her panties. When asked whether his finger could have penetrated a little bit past the victim's vaginal lips, appellant stated that he could not say. The victim told the detective that appellant had grabbed her "tail" and, when asked what happened, related that appellant put his hands inside her pants but over her panties. At the preliminary hearing, the victim testified that appellant "poked" her under her clothes with his finger, that "[i]t hurt," and that she was never inside the van. The victim's mother testified that the victim told her the following morning that it hurt when she urinated.

In support of his actual-innocence claim, appellant presents two declarations by the victim, together relating that appellant had accidentally hit her in her "private parts" with a piece of wood, she cried, appellant placed her in the van and rubbed her "private parts" so it could feel better, the act was not sexual in nature, and at no point did any part of appellant's body enter her "genital opening." Based on the record before this court, the victim's declarations, if credible, make it more likely than

---

...*continued*
new declarations are not substantively inconsistent with either her earlier statement to the police or her testimony at the preliminary hearing.

not that no reasonable juror would have convicted appellant of sexual assault because the declarations establish the absence of the element of "sexual penetration," *see* NRS 200.366(1), or of kidnapping because the movement was thus not for the purposes of committing sexual assault, *see* NRS 200.310(1).[4]

Because appellant's claims, if true, could overcome the presumption of prejudice to the State, demonstrate actual innocence to overcome the remaining procedural bars, and entitle him to have the merits of his case addressed below, the district court erred in denying the petition as procedurally barred without first conducting an evidentiary hearing. Further, because the actual-innocence inquiry concerns factual innocence, the State must be allowed to rebut appellant's claim of actual innocence with "any admissible evidence of [appellant's] guilt even if that evidence was not presented during [his] plea colloquy." *Bousley*, 523 U.S. at 624. For the foregoing reasons, we reverse the district court's order dismissing the petition as procedurally barred for the failure to overcome the presumption of prejudice to the State arising out of laches and to demonstrate actual innocence, and we remand for the district court to conduct an evidentiary hearing and make the appropriate findings.

---

[4]Appellant need not demonstrate that he is actually innocent of the lewdness charge because it is not a more serious charge that the State forwent in the course of plea bargaining. *See Bousley*, 523 U.S. at 624. Since the only alleged criminal contact between appellant and the victim was the single contact with the victim's genitals, appellant could not have been convicted of both sexual assault and lewdness. *See Crowley v. State*, 120 Nev. 30, 31, 83 P.3d 282, 284 (2004). Thus in pursuing the sexual assault charge, the State did not forgo a more serious charge.

*Docket No. 64685*

This court has recently held that post-conviction motions to withdraw guilty pleas should be construed as post-conviction petitions for a writ of habeas corpus. *See Harris v. State*, 130 Nev. ___, ___, 329 P.3d 619, 628 (2014). We note that the claims appellant raised in his motion are substantially similar to those raised in his post-conviction petition for a writ of habeas corpus, and we conclude that the district court did not err in denying the motion.

For the foregoing reasons, we

ORDER the judgment of the district court in Docket No. 64685 AFFIRMED and the judgment of the district court in Docket No. 64393 REVERSED AND REMAND that matter to the district court for proceedings consistent with this order.

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

cc:  Hon. Michelle Leavitt, District Judge
     Federal Public Defender/Las Vegas
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk