# IN THE SUPREME COURT OF THE STATE OF NEVADA

MICHAEL OVALLE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 78084

**FILED**

DEC 2 0 2019


ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction entered pursuant to a jury verdict finding appellant guilty of battery constituting domestic violence—strangulation. Eighth Judicial District Court, Clark County; Jerry A. Wiese, Judge.

Michael Ovalle was convicted of domestic violence against his girlfriend for strangling her while the two were on a weekend trip to Las Vegas. Ovalle and the victim both lived in California, where Ovalle worked as a police officer for the Los Angeles Sheriff's Department. Ovalle and the victim, along with Ovalle's co-worker, drove to Las Vegas to help with an event and stayed at the LINQ Hotel and Casino.

Pertinent here, as a mandated reporter, Ovalle's co-worker called the Las Vegas Metropolitan Police Department's (LVMPD) non-emergency line to report a possible domestic violence situation after he witnessed the victim leaving the couple's hotel room, upset and injured, and observed that Ovalle was injured as well. But by the time LVMPD arrived on the scene, approximately 50 minutes later, the room's occupants had left and LVMPD observed nothing out of place. The co-worker's report did not include contact information, and LVMPD consequently closed out the report.

The victim flew home to California where she went to her mother's house and told her mother and sister that Ovalle had strangled and injured her, she had never been so scared, and she thought she might die. She then returned to Ovalle's house to find he had arrived home. Soon thereafter, local officers conducted a welfare check at Ovalle's house, but the victim recanted her allegations against Ovalle. Instead, the victim told officers that she had been injured by a strange woman in a fight outside O'Sheas Pub. Ovalle claimed that he had been in a separate fight on the LINQ Promenade with an unknown male. Local officers found no evidence of a crime, and did not pursue the matter. The victim's brother, also a police officer at Ovalle's agency, initiated further investigation and thereafter, the Los Angeles Sheriff's Department became involved and forwarded the case to LVMPD. The State charged Ovalle with battery constituting domestic violence—strangulation, and a jury found him guilty.

On appeal, Ovalle argues the district court erred by (1) denying his pretrial petition for a writ of habeas corpus; (2) denying his motion to dismiss for spoliation of evidence; (3) denying his motions for a mistrial and a new trial after the prosecutor improperly referenced the possible punishment during voir dire; and (4) failing to admonish the jury after the prosecutor twice made a golden rule argument during closing arguments.[1] Ovalle contends these errors warrant reversal. We disagree.

---

[1]Ovalle additionally raises arguments regarding the process the State used to summon the victim to testify at trial. Based upon the record and the parties' arguments at trial, we conclude Ovalle fails to demonstrate reversible error on this point. We have previously explained that NRS 174.425 gives trial courts discretion to determine whether to issue a certificate to summon an out-of-state witness to testify at trial, based upon a finding that a witness is material to the case. *Bell v. State*, 110 Nev. 1210,

Ovalle's argument regarding a writ of habeas corpus is predicated on the propriety of the justice of the peace's decision allowing the victim's mother and sister to testify at the preliminary hearing to statements the victim made to them after the victim testified. The justice court found the victim's statements to her mother and sister were properly admitted as prior inconsistent statements under NRS 51.035(2)(a) exception to the hearsay rule. We review a district court's decision regarding the admissibility of evidence for an abuse of discretion. *Crowley v. State*, 120 Nev. 30, 34, 83 P.3d 282, 286 (2004). NRS 51.035(2)(a) exempts from hearsay statements that are inconsistent with the declarant's testimony if the declarant testifies at the hearing and is subject to cross-examination concerning the statement. In *Crowley*, we explained that "when a trial witness fails, for whatever reason, to remember a previous statement made by that witness, the failure of recollection constitutes a denial of the prior statement [and] makes it a prior inconsistent statement . . . [that] may be admitted both substantively and for impeachment." 120 Nev. at 35, 83 P.3d at 286.

Here, the victim testified at the preliminary hearing that she didn't remember making statements to her mother and sister regarding Ovalle strangling and injuring her. Thereafter, both the victim's mother and sister testified that the victim described in detail Ovalle's criminal acts. The justice of the peace properly admitted these statements, as they were admissible under NRS 51.035(2)(a) as a prior inconsistent statement

---

1213-14, 885 P.2d 1311, 1313-14 (1994). We conclude that under the facts here the district court did not abuse its discretion by certifying the victim as a material witness and ordering her to appear at trial. We further conclude that Ovalle's related due-process arguments lack merit.

despite the victim's testimony at the preliminary hearing. Therefore, the district court did not err by denying Ovalle's request for a writ of habeas corpus.

We next consider the district court's denial of Ovalle's motion to dismiss on the basis of spoliation of evidence, which we review for an abuse of discretion. *See, e.g., Guerrina v. State*, 134 Nev. 338, 347, 419 P.3d 705, 713 (2018) (addressing a motion to dismiss based on the State's failure to gather video surveillance). We distinguish between collection and preservation of evidence. *See Daniels v. State*, 114 Nev. 261, 266, 956 P.2d 111, 114-15 (1998). Where the State gathers evidence and thereafter fails to preserve it, the failure warrants dismissal where the defendant can show bad faith or prejudice. *Higgs v. State*, 126 Nev. 1, 21, 222 P.3d 648, 660-61 (2010). However, police officers generally have no duty to collect all potential evidence from a crime scene and we will only reverse a conviction for failure to gather evidence if the defendant establishes that the evidence was both likely to have been material and the failure to gather the evidence was the result of either gross negligence or bad faith. *Daniels*, 114 Nev. at 267-68, 956 P.2d at 115.

Here, Ovalle contends the State failed to timely respond to the call and gather evidence, notably video surveillance, but he does not contend the State gathered evidence and thereafter failed to preserve it. We therefore address this argument under the framework set forth in *Daniels*. We conclude Ovalle fails to establish the failure to gather evidence here was the result of either gross negligence or bad faith. The initial domestic violence report to LVMPD was reported on the non-emergency line, stating the victim had left the scene, and officers responded within the hour. Moreover, the record shows that the victim recanted her initial allegations

SUPREME COURT
OF
NEVADA

(O) 1947A

4

of domestic violence, and that early investigations did not uncover additional evidence. These facts fail to show the State acted negligently in their response time or in failing to collect additional evidence, and the record therefore supports the district court's decision to deny Ovalle's motion.

Ovalle next argues the district court improperly denied his motions for a mistrial and a new trial based on the prosecutor's comment during voir dire regarding the potential punishment. We review the district court's decision on either a motion for a mistrial or a motion for a new trial for an abuse of discretion.[2] *Jeffries v. State*, 133 Nev. 331, 333, 397 P.3d 21, 25 (2017) (motion for a mistrial); *State v. Carroll*, 109 Nev. 975, 977, 860 P.2d 179, 180 (1993) (motion for a new trial). We will not reverse if the error ultimately does not affect the defendant's substantial rights. NRS 178.598.

In reviewing claims of prosecutorial misconduct, we first determine whether the prosecutor's conduct was improper. *Valdez v. State*, 124 Nev. 1172, 1188, 196 P.3d 465, 476 (2008). Next, if the prosecutor's conduct was improper, we consider whether the improper conduct warrants reversal. *Id.* We will not reverse if the prosecutorial misconduct was ultimately harmless error. *Id.* If the error is not of a constitutional dimension, we will not reverse unless the error has substantially affected the jury's verdict. *Id.* at 1188-89, 196 P.3d at 476. Further, we review the prosecutor's comments in context, and will not "lightly overturn[ ] [the

---

[2]Ovalle contends the standard is de novo where the motion is based on the improper discussion of sentencing with a jury. Ovalle cites *Meyer v. State*, 119 Nev. 554, 561, 80 P.3d 447, 453 (2003) and *Chavez v. State*, 125 Nev. 328, 346-47, 213 P.3d 476, 489 (2009). But, *Meyer* and *Chavez* both regarded juror misconduct, and Ovalle does not argue that any juror engaged in misconduct here.

verdict] on the basis of a prosecutor's comments standing alone." *Jeffries*, 133 Nev. at 333, 397 P.3d at 25 (internal quotations omitted).

A district court may be able to cure prejudice arising from a prosecutor's improper comment by sustaining an objection and admonishing the jury to disregard the statement. *See Rose v. State*, 123 Nev. 194, 209, 163 P.3d 408, 418 (2007). We presume that juries follow the instructions and orders given by the district court. *Summers v. State*, 122 Nev. 1326, 1333, 148 P.3d 778, 783 (2006).

Ovalle first contends that during voir dire the prosecutor improperly commented on the potential penalty and that this comment prejudiced his case. Ovalle moved for both a mistrial and a new trial on the basis of this comment. The record demonstrates that the prosecutor, in response to a juror's statement that it was difficult to convict someone of a crime that would carry a life sentence, stated "the penalty here is nothing like that." The defense immediately objected, and the district court sustained the objection and admonished the jury not to consider the potential sentence. Although we agree with the district court that the prosecutor engaged in misconduct by her comment, we presume the jury followed the court's admonishment and later written instructions, and conclude that both cured any potential prejudice arising from that comment.

Ovalle next contends that during closing argument the prosecutor made an improper golden rule argument by asking the jurors to consider themselves in viewing why a domestic violence victim would react

differently than victims of other crimes.[3] Ovalle again moved for a mistrial. We agree this statement was an improper golden rule argument because it asked the "jurors to place themselves in the position of one of the parties." *Lioce v. Cohen*, 124 Nev. 1, 22, 174 P.3d 970, 984 (2008). However, we are convinced that the prosecutorial misconduct did not affect Ovalle's substantial rights. *See* Valdez, 124 Nev. at 1188-89, 196 P.3d at 476. Although the district court did not immediately admonish the jury,[4] the court prevented the prosecutor from continuing with that argument, and the court also instructed the jury that it must decide guilt based on the evidence and that the attorneys' arguments and opinions were not evidence.

---

[3]Ovalle raises an additional instance in closing arguments where the prosecutor argued that the victim's failure to recall the details of her street fight "seems like it would be something maybe you would remember." We conclude this statement, while inartful, does not rise to the level of prosecutorial misconduct.

[4]Ovalle also contends that *Lioce* requires district courts to sustain objections to golden rule violations and thereafter admonish counsel and the jury. But *Lioce*, which was published before *Valdez*, simply set forth the standards for reviewing misconduct depending on whether the party objected and whether the court sustained the objection. While *Lioce* clarified that "in cases in which an objection has been made to attorney misconduct, the district court should not only sustain the objection but admonish the jury and counsel," it did not establish a rule that failing to do so would necessitate reversal of a jury verdict in a criminal case. *Lioce*, 124 Nev. at 17-18, 174 P.3d at 980-81. We therefore follow the analysis set forth in *Valdez*.

Again, we presume the jury followed those instructions. Therefore, the district court did not abuse its discretion by denying the motion for mistrial.[5] Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

cc:  Hon. Jerry A. Wiese, District Judge
     Chesnoff & Schonfeld
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk

---

[5]Ovalle also argues that cumulative error warrants reversal. We decline to address that argument as it was raised for the first time in the reply brief. *See* NRAP 28(c) (explaining a reply brief is limited to answering any new matter presented in the respondent's brief); *LaChance v. State*, 130 Nev. 263, 276 n.7, 321 P.3d 919, 929 n.7 (2014) (declining to address an argument raised for the first time on reply).