# IN THE SUPREME COURT OF THE STATE OF NEVADA

TERRELL DURR, A/K/A TERRELL
LAMOUNT DURR,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 77241

FILED

JAN 15 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of robbery.[1] Eighth Judicial District Court, Clark County; Douglas Smith, Judge.

Appellant Terrell Durr and an accomplice robbed the victim in a retail parking lot. Subsequently, Durr and the victim engaged in a shootout in a gas station parking lot. The State charged Durr with conspiracy to commit robbery, robbery with the use of a deadly weapon, three counts of assault with a deadly weapon, and three counts of discharging a firearm.[2] The jury found Durr guilty of robbery and acquitted him on all remaining counts. Durr raises numerous issues on appeal.

*The victim's testimony*

First, Durr argues that the district court erred in precluding him from cross-examining the victim about a pending criminal charge. Because the victim's pending criminal charge could show he had an incentive to testify against Durr, we conclude the district court abused its

---

[1]Pursuant to NRAP 34(f)(1), we conclude that oral argument is not warranted.

[2]The State also charged Durr with possession of a firearm by a prohibited person but dismissed the charge during trial.

SUPREME COURT
OF
NEVADA

(O) 1947A

21-01436

discretion by restricting Durr's cross-examination on the subject. *See Lobato v. State*, 120 Nev. 512, 519, 96 P.3d 765, 770 (2004) (providing that "extrinsic evidence relevant to prove a witness's motive to testify in a certain way, i.e., bias, interest, corruption or prejudice, is never collateral to the controversy and not subject to the limitations contained in NRS 50.085(3)"); *Bushnell v. State*, 95 Nev. 570, 572, 599 P.2d 1038, 1040 (1979) (providing that "the trial court's discretion [to limit cross-examination] is more narrow where bias is the object to be shown, and an examiner must be permitted to elicit any facts which might color a witness's testimony").

Durr also argues the district court erred by releasing the victim from a defense subpoena after the victim concluded his testimony in the State's case-in-chief. While district courts must manage the practical concerns of the courtroom during trial, *see* NRS 50.115(1) (providing that "[t]he judge shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence"), the Sixth Amendment provides a defendant "the right to offer the testimony of witnesses, and to compel their attendance, if necessary." *Taylor v. Illinois*, 484 U.S. 400, 409 (1988) (quoting *Washington v. Texas*, 388 U.S. 14, 19 (1967)). In denying Durr's request, the district court simply stated that "I've been doing this for 30 years and I can't remember one time that a judge allowed a subpoena for a victim – for a defense attorney." Because the district court prohibited Durr from calling the victim in his case-in-chief without providing a cogent reason, we cannot conclude the district court acted within its discretion. *See Mclellan v. State*, 124 Nev. 263, 267, 182 P.3d 106, 109 (2008) ("[A] district court's decision to admit or exclude evidence [is reviewed] for an abuse of discretion."); *Jackson v. State*, 117 Nev. 116, 120, 17 P.3d 998, 1000 (2001)

SUPREME COURT
OF
NEVADA

(O) 1947A

("An abuse of discretion occurs if the district court's decision is arbitrary or capricious or if it exceeds the bounds of law or reason.").

While the district court erred, we also conclude the errors were harmless in light of the overwhelming evidence adduced at trial, including surveillance video of the robbery. *See Valdez v. State*, 124 Nev. 1172, 1189, 196 P.3d 465, 476 (2008) (providing that an error is harmless when it is clear "beyond a reasonable doubt, that the error did not contribute to the verdict"). Moreover, Durr challenged the victim's incentive and motive to testify based on his being detained on a material witness warrant and the State's grant of immunity for his participation in the subsequent shootout with Durr. And the victim testified, outside the presence of the jury, that he had not been given any consideration for his pending criminal charge from the State. Additionally, Durr impeached the victim on cross-examination by showing he lied to law enforcement and provided inconsistent testimony at a prior proceeding. Accordingly, we are convinced that eliciting additional impeachment testimony by recalling the victim would not have affected the outcome of the trial. *See Bell v. State*, 110 Nev. 1210, 1215, 885 P.2d 1311, 1315 (1994) (holding that the "exclusion of a witness' testimony is prejudicial if there is a reasonable probability that the witness' testimony would have affected the outcome of the trial"). Thus, we the errors did not affect Durr's substantial rights. *See* NRS 178.598 (harmless error standard).

*Motion to dismiss*

Durr argues that the district court erred by denying his motion to dismiss based on witnesses destroying evidence and the State's failure to

collect that same evidence.[3]  First, Durr has not shown that the State is accountable for the actions of non-state actors.  *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987) (holding that it is appellant's responsibility to provide cogent argument and relevant authority).  Second, most of the evidence Durr cites relates to the charges for which he was acquitted.  Thus, Durr has not shown that the uncollected evidence was material, i.e., that there was a reasonable probability that the result of the trial would have been different.  *See Daniels v. State*, 114 Nev. 261, 267, 956 P.2d 111, 115 (1998) (providing that a defendant must first show that the uncollected evidence was material, "meaning that there is a reasonable probability that, had the evidence been available to the defense, the result of the proceedings would have been different.").  And, despite finding the evidence irrelevant and not material, the district court instructed the jury that it could infer that unproduced evidence is unfavorable to the party who fails to produce the evidence (here, the State), and Durr highlighted this instruction during his closing argument.  Therefore, we conclude the district court did not abuse its discretion.  *See Hill v. State*, 124 Nev. 546, 550, 188 P.3d 51, 54 (2008) (providing that a district court's decision to grant or deny a motion to dismiss an indictment is reviewed for an abuse of discretion).

*Prosecutorial misconduct*

Durr argues that the prosecutor improperly referred to his invocation of his right to remain silent.  During trial, a prosecutor may not

---

[3]We have considered Durr's other claims of error in the district court's denial of his motion to suppress evidence and discovery motion made during trial and conclude that the district court did not abuse its discretion.  *See* NRS 174.125 (providing that motions to suppress evidence must be made before trial); EDCR 3.20 (providing that the district court may decline to consider untimely motions).

comment on an accused's invocation of his right to remain silent. *See Morris v. State*, 112 Nev. 260, 263, 913 P.2d 1264, 1267 (1996). However, Durr introduced the invocation of his right to remain silent while cross-examining the interrogating officer, and the State addressed the issue on redirect. Durr again raised the issue in his closing argument, and the State responded to the argument in rebuttal. Thus, we conclude Durr has not shown the prosecutor acted improperly. *See Carter v. State*, 121 Nev. 759, 769, 121 P.3d 592, 599 (2005) ("A party who participates in an alleged error is estopped from raising any objection on appeal."); *Leonard v. State*, 117 Nev. 53, 81, 17 P.3d 397, 414 (2001) ("A prosecutor's comments should be considered in context, and a criminal conviction is not to be lightly overturned on the basis of a prosecutor's comments standing alone.") (internal quotation marks omitted)).

*Jury instruction*

Durr argues that the district court erred in rejecting his proffered jury instruction regarding an alleged conspiracy formed between the victim and his girlfriend after the initial robbery. Even assuming the district court erred in rejecting Durr's proffered instruction, we conclude any error was harmless because the jury only convicted Durr of the initial robbery. Therefore, we are convinced any error in instructing the jury did not affect the jury's verdict. *See Crawford v. State*, 121 Nev. 744, 756, 121 P.3d 582, 590 (2005) (errors related to jury instructions are harmless if "we are convinced beyond a reasonable doubt that the jury's verdict was not attributable to the error and that the error was harmless under the facts and circumstances of this case").

*Expert testimony*

Next, Durr argues that the district court abused its discretion by admitting the expert testimony of a ZetX employee. The witness testified

that ZetX provides a computer program that maps cell phone activity. He explained that after the cell phone provider and cell phone user information are input, the program provides a map showing where a cell phone has been used over a specified time frame. We conclude the witness possessed specialized experience and knowledge that fell outside that of a layperson, and his testimony assisted the jury to understand the cell phone mapping evidence presented by the State. *See* NRS 50.275 (providing that expert testimony may be admitted to "assist the trier of fact to understand the evidence or to determine a fact in issue"); *Burnside v. State*, 131 Nev. 371, 384, 352 P.3d 627, 637 (2015) (providing that expert testimony concerns matters beyond the common knowledge of the average layperson). Therefore, we conclude the district court did not abuse its discretion by admitting the testimony. *See Mulder v. State*, 116 Nev. 1, 12-13, 992 P.2d 845, 852 (2000) ("Whether expert testimony will be admitted, as well as whether a witness is qualified to be an expert, is within the district court's discretion, and this court will not disturb that decision absent a clear abuse of discretion.").

*Sufficiency of the indictment*

Next, Durr argues that the indictment did not provide him adequate notice to prepare his defense because the State alleged alternative theories of criminal liability. Reviewing the sufficiency of the indictment de novo, *Rimer v. State*, 131 Nev. 307, 325, 351 P.3d 697, 710 (2015), we disagree. *See* NRS 173.075(1) (an information must notify a defendant by "plain, concise and definite written statement of the essential facts constituting the offense charged"). The indictment identified the relevant statute for the charged offense and alleged the approximate time, the place, and the conduct constituting the offense. Further, we are unpersuaded by Durr's argument that the State pleading alternative theories of criminal

liability under *Barren v. State*, 99 Nev. 661, 669 P.2d 725 (1983), resulted in prejudice. *See Randolph v. State*, 117 Nev. 970, 978, 36 P.3d 424, 429 (2001) ("[O]ur holding in *Barren* was aimed at preserving due process by preventing the prosecution from concealing or vacillating in its theory of the case to gain an unfair advantage over the defendant."). Thus, the indictment "satisfies the constitutional and statutory notice requirements." *Rimer*, 131 Nev. at 325, 351 P.3d at 710.

*Sentencing*

Next, Durr argues that the district court erred by considering the charges the jury acquitted him of when imposing sentence. We disagree because the record shows that the district court sentenced Durr based on his criminal history and found he presented a danger to society. Therefore, we conclude the district court did not abuse its discretion in imposing sentence. *See Silks v. State*, 92 Nev. 91, 94, 545 P.2d 1159, 1161 (1976) ("So long as the record does not demonstrate prejudice resulting from consideration of information or accusations founded on facts supported only by impalpable or highly suspect evidence, this court will refrain from interfering with the sentence imposed."); *see also Tanksley v. State*, 113 Nev. 997, 1004, 946 P.2d 148, 152 (1997) (providing that sentencing courts have "very broad discretion in determining that a habitual criminal adjudication would serve the purpose of discouraging [a] repeat offender").

Durr further argues that his habitual criminal adjudication was erroneous because the district court imposed the sentence rather than a jury. We disagree. "Since an habitual criminal determination is only an adjudication of status, not of guilt, the right to trial by jury does not attach." *Parkerson v. State*, 100 Nev. 222, 224, 678 P.2d 1155, 1156 (1984); *see also O'Neill v. State*, 123 Nev. 9, 16-17, 153 P.3d 38, 43 (2007) ("[T]he plain language of the [habitual criminal] statute dictates that should the district

court elect not to dismiss the count, it must impose a sentence within the range prescribed in NRS 207.010(1)."). To the extent Durr urges this court to ignore or depart from our prior rulings, we decline his invitation as he did not demonstrate a compelling reason to do so. *See Armenta-Carpio v. State*, 129 Nev. 531, 535, 306 P.3d 395, 398 (2013) ("'[U]nder the doctrine of stare decisis, we will not overturn [precedent] absent compelling reasons for so doing.'" (alterations in original) (quoting *Miller v. Burk*, 124 Nev. 579, 597, 188 P.3d 1112, 1124 (2008) (footnoted omitted))). Therefore, we conclude the district court did not err in adjudicating Durr a habitual criminal.

Durr also argues that his sentence of life without the possibility of parole constitutes cruel and unusual punishment in violation of the Eighth Amendment. We conclude Durr's argument is unavailing. A sentence imposed within the statutory limits is not "cruel and unusual punishment unless the statute fixing punishment is unconstitutional or the sentence is so unreasonably disproportionate to the offense as to shock the conscience." *Culverson v. State*, 95 Nev. 433, 435, 596 P.2d 220, 222 (1979). While Durr claims his sentence is disproportionate to his instant conviction for robbery, the State introduced three prior violent felony convictions— voluntary manslaughter, burglary, and robbery—to support adjudication as a habitual criminal. The district court sentenced Durr within the statutory guidelines, and Durr does not contend the statute is unconstitutional. Therefore, we conclude Durr's sentence does not constitute cruel and unusual punishment.

*Cumulative error*

Finally, Durr argues that cumulative error warrants reversal. Having considered the relevant factors, we are not convinced that the cumulative effect of the two identified errors or any others assumed above

violated Durr's right to a fair trial. *See Valdez v. State*, 124 Nev. 1172, 1195, 196 P.3d 465, 481 (2008) (stating that the court considers three factors to determine whether the cumulative effect of errors violated a defendant's right to a fair trial: "(1) whether the issue of guilt is close, (2) the quantity and character of the error, and (3) the gravity of the crime charged" (internal quotation marks omitted)). Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Silver

cc:    Chief Judge, The Eighth Judicial District Court
       Eighth Judicial District Court, Dept. 8
       Legal Resource Group
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk