JAMES RICK WICKER, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 10679

November 30, 1979                                    603 P.2d 265

*Morgan D. Harris,* Public Defender, and *Thomas R. Jarrett,* Deputy Public Defender, Clark County, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, and *H. Leon Simon,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Appellant James Rick Wicker contends we must reverse his conviction for one count of rape and three counts of the infamous crime against nature because (1) the evidence adduced at his trial was insufficient to support the verdict and (2) the district court erred by refusing to give the jury several proposed instructions. We disagree.

The two female victims of the crimes testified at the trial that on May 3, 1977, Wicker and a companion forcibly entered the victims' apartment. Wicker thereafter forced the first victim to submit to intercourse and sodomy with him and to perform fellatio upon him. He also forced the other victim to perform fellatio.

Wicker testified in his own defense that the sexual acts were committed with consent, and that no force or coercion occurred. The jury, however, did not believe Wicker, and convicted him of the aforementioned crimes.[1]

1. Wicker argues that his conviction cannot stand because the evidence presented at the trial was insufficient to establish that he committed the sexual acts without the consent of the victims.

This court has often stated that where there is conflicting testimony presented at a criminal trial, it is within the province of the jury to determine the weight and credibility of the testimony, and the verdict will not be disturbed on appeal on the ground that it is contrary to the evidence where there is substantial evidence to support it. Hankins v. State, 91 Nev. 477, 538 P.2d 167 (1975). Here, there was substantial evidence to support the verdict. *See* Henderson v. State, 95 Nev. 324, 594 P.2d 712 (1979).

---

[1] The statutes under which Wicker was convicted provided in pertinent part:

"NRS 200.363(1). Forcible rape is the carnal knowledge of a female against her will. A person convicted of forcible rape shall be punished. . . ."

"NRS 201.190(1). [E]very person of full age who commits the infamous crime against nature shall be punished. . . ."

In 1977, the legislature repealed NRS 200.363 and amended NRS 201.190. 1977 Nev. Stats. ch. 598.

2. Wicker also contends the district court committed reversible error by refusing to instruct the jury that Wicker could be convicted, if at all, of only one offense relating to the first victim because all of the individual sexual acts committed upon her were part of one continuous and uninterrupted activity, and the legislature intended that such activity could give rise to only one charge. This contention is also without merit.

The statutes under which Wicker was convicted, *see* n. 1, *supra,* established separate and distinct sex offenses. *See* Dinkens v. State, 92 Nev. 74, 546 P.2d 228 (1976); Hogan v. State, 84 Nev. 372, 441 P.2d 620 (1968). *Cf.* Burks v. State, 92 Nev. 670, 557 P.2d 711 (1976). The offenses charged against Wicker under these statutes resulted from separate acts committed on the person of the first victim. Wicker was therefore properly convicted of each separate crime, even though the acts were all committed within a relatively short time. People v. Slobodion, 191 P.2d 1 (Cal. 1948).

Affirmed.