VICTOR XAVIER WRIGHT, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 20438

October 25, 1990                                      799 P.2d 548

*Ward & Maglaras*, Las Vegas, for Appellant.

*Brian McKay*, Attorney General, Carson City; *Rex Bell*, District Attorney, *James Tufteland*, Deputy District Attorney, and *Robert L. Langford*, Deputy District Attorney, Clark County, for Respondent.

# OPINION

*Per Curiam:*

Between September 1988 and January 1989, a series of sexual assaults or attempted sexual assaults took place within the vicinity of the Gold Coast Hotel in Las Vegas. Victor Xavier Wright was arrested and eventually convicted on twenty-three separate counts arising from these assaults. Wright was sentenced to twenty-four concurrent life sentences as well as lesser concurrent sentences. This appeal ensued.

First, Wright challenges his convictions upon Counts III (first degree kidnapping), V, VIII and XIV (first degree kidnapping with use of a deadly weapon), and XXIII (attempted first degree kidnapping with a deadly weapon) on the grounds that the movement of the victims was incidental to the commission or attempted commission of sexual assault.

In Wright v. State, 94 Nev. 415, 417-18, 581 P.2d 442, 443-44 (1978) (unrelated to the present appeal), we held that where the

accused is convicted of first degree kidnapping and an associated offense, the kidnapping conviction would not lie if the movement of the victim was incidental to the associated offense and did not increase the risk of harm to the victim beyond that necessarily present in the associated offense. In subsequent decisions, we have held that: "Whether the movement of the victim is incidental to the associated offense and whether the risk of harm is increased thereby are questions of fact to be determined by the trier of fact in all but the clearest of cases." Curtis D. v. State, 98 Nev. 272, 274, 646 P.2d 547, 548 (1982); Sheriff v. Medberry, 96 Nev. 202, 204, 606 P.2d 181, 182 (1980); Langford v. State, 95 Nev. 631, 638-39, 600 P.2d 231, 236-37 (1979).

We conclude that the jury had sufficient evidence to determine that the abduction of the victims in these counts went beyond being merely incidental to the sexual assault. We therefore reject appellant's first contention.

Second, Wright challenges the sufficiency of evidence supporting his conviction on Count XIII (attempted sexual assault). Appellant's contention has merit. The victim in this count was unable to identify her attacker, both before and during trial. She provided a description of her attacker that significantly differed from that of the other victims. The modus operandi of her attacker also differed from that employed in the previous assaults. The only evidence before the jury linking this assault to Wright was its occurrence in the same vicinity and within the same time frame as the other counts. We do not consider this evidence which a rational trier of fact could find supportive of the elements of the offense beyond a reasonable doubt, even after consideration in a light most favorable to the prosecution. State v. Rhodig, 101 Nev. 608, 610, 707 P.2d 549, 550 (1985); Wilkins v. State, 96 Nev. 367, 374, 609 P.2d 309, 313 (1980). Accordingly, we reverse appellant's conviction on Count XIII.

Third, Wright asserts that several of his convictions were in violation of his Fifth Amendment right against double jeopardy. The State concedes that Wright's convictions on Counts II, VI, XXI and XXII were entered in violation of the prohibition against double jeopardy, and that these counts should be vacated. We agree. Appellant's convictions on these counts were based upon the same facts as Counts I, VII, XX and XXIII respectively. *See* Blockburger v. United States, 284 U.S. 299, 304 (1972); Litteral v. State, 97 Nev. 503, 508, 634 P.2d 1226, 1229 (1981). We reverse appellant's convictions on Counts II, VI, XXI and XXII.

We do not agree that Wright's conviction on Count XVI was based on the same facts as Count XVII. Count XVI involved an attempted assault. Count XVII involved a completed assault upon the same victim. The testimony of the victim established that between the attempted and completed assaults, Wright stopped and waited while a car passed. These facts support separate convictions for separate acts, even though the acts were the result of a single encounter and all occurred within a relatively short time. Deeds v. State, 97 Nev. 216, 217, 626 P.2d 271, 272 (1981); Wicker v. State, 95 Nev. 804, 806, 603 P.2d 265, 266-67 (1979). We affirm appellant's conviction on Count XVI.

Wright finally contends that the presence of five of the victims in the same room for lineup purposes violated his right to due process. More specifically, Wright claims that the reaction of one of the victims when he was asked to face the viewing room and step forward improperly influenced the other identifications.

We adhere to the pre-trial identification standard enunciated in Stovall v. Denno, 388 U.S. 293 (1967). See Bias v. State, 105 Nev. 869, 872, 784 P.2d 963, 964 (1989). Considering the "totality of circumstances," the test is whether the identification "was so unnecessarily suggestive and conducive to irreparable mistaken identification that [appellant] was denied due process of law." Stovall, 388 U.S. at 301-02. See also Jones v. State, 95 Nev. 613, 617, 600 P.2d 247, 250 (1979). Although the Stovall, Jones, and Bias decisions all involved on-the-scene confrontations between the suspect and the identifying victim, the test established in Stovall was applied to live lineups in Foster v. California, 394 U.S. 440, 442 (1969). The inquiry is two-fold: (1) whether the identification procedure is unnecessarily suggestive, and (2) if so, whether under all the circumstances the identification is reliable despite an unnecessarily suggestive procedure. Banks v. State, 94 Nev. 90, 94, 575 P.2d 592, 595 (1978).

We believe that the lineup at issue survives analysis under the totality of circumstances test. All of the victims had an opportunity to observe their attacker at close range. Two of the victims testified that they did not notice the outburst of their fellow victim and did not associate it with the appellant's stepping forward. Another victim remained unable to identify the appellant as her attacker despite witnessing the other woman's reaction. A representative from the Public Defender's office who had participated in previous lineup identifications was present and did not object

to the conduct of the lineup. For these reasons, we believe that the conduct of the lineup was not a violation of due process.

For these reasons, we reverse appellant's convictions on Counts II, VI, XIII, XXI and XXII and affirm his convictions on the remaining eighteen counts.