JOHN CROWLEY, Appellant, *v.* THE STATE
OF NEVADA, Respondent.

No. 39513

January 30, 2004

83 P.3d 282

*Robert B. Walker,* Carson City, for Appellant.

*Brian Sandoval,* Attorney General, Carson City; *Noel S. Waters,*
District Attorney, and *Jason D. Woodbury,* Deputy District
Attorney, Carson City, for Respondent.

# OPINION

By the Court, GIBBONS, J.:

Appellant John Crowley contends that (1) sexual assault and lewdness with a minor are redundant convictions requiring a reversal of the lewdness conviction, (2) consecutive sentences for sexual assault and lewdness with a minor constitute cruel and unusual punishment, and (3) the district court improperly admitted a hearsay statement made by Crowley's wife. We agree with Crowley's contention that his sexual assault and lewdness with a minor convictions are redundant, but we find Crowley's other arguments inapposite. Therefore, we reverse the conviction for lewdness with a minor under fourteen and remand the case to the district court for a new sentencing in accordance with this opinion.

## FACTS

The thirteen-year-old male victim and Allan Perkett, the boyfriend of the male victim's mother, went to Crowley's room at the Downtowner Motor Inn in Carson City to watch wrestling on television. At some point, Perkett left the room. Crowley called the male victim's mother to ask if the male victim could spend the night. The male victim testified he felt uncomfortable about spending the night with Crowley, but stayed for a while to watch television and eat dinner.

The male victim testified that Crowley approached him as he sat on the bed eating. Crowley then rubbed the male victim's penis with his hand on the outside of his pants, pulled down the male victim's pants, and performed fellatio on him.

Crowley testified that although the male victim and Perkett came to his room, he was never alone with the male victim and did not molest him. Further, he testified that the male victim declined his invitation to spend the night and departed with Perkett.

Crowley's thirteen-year-old stepdaughter also accused Crowley of sexual molestation. She testified that Crowley touched her inappropriately with his hand and tongue on several occasions, mostly when her mother was asleep. Specifically, Crowley fondled his stepdaughter's breasts underneath her clothing and also placed his hand and tongue on her vagina.

The State charged Crowley with sexual assault and lewdness with a minor under fourteen years of age for his conduct with the male victim. Additionally, the State charged Crowley with two counts of sexual assault and two counts of open or gross lewdness for his conduct involving his stepdaughter. The district court dismissed one count of sexual assault involving the stepdaughter.

At trial, Crowley's wife testified for the State. On direct examination, she admitted to a conversation with Dot Brownfield, a Division of Child and Family Services investigator, regarding accusations that Crowley molested his stepdaughter. Crowley's wife testified that she did not recall details of the conversation. She also did not recall saying, ''It's just something he does when he gets drunk.''

The State then called Brownfield to testify about her conversation with Crowley's wife. Crowley objected on hearsay grounds when the State asked Brownfield what Crowley's wife said about the accusations. The State argued the statement was a prior inconsistent statement and thus non-hearsay testimony. The district court allowed Brownfield to testify that ''[Crowley's wife] indicated that when her husband drinks occasionally, he, quote-unquote, does those kind of things, and it's just part of his behavior when he drinks.''

A jury found Crowley guilty on all counts. The district court, pursuant to statutory guidelines, sentenced Crowley to two consecutive life sentences with the possibility of parole on the sexual assault and lewdness convictions involving the male victim. The district court imposed concurrent sentences for the crimes against the stepdaughter. This appeal followed.

## DISCUSSION

### Redundant convictions

NRS 200.366(1) provides:

> A person who subjects another person to sexual penetration, or who forces another person to make a sexual penetration on himself or another, or on a beast, against the will of

the victim or under conditions in which the perpetrator knows or should know that the victim is mentally or physically incapable of resisting or understanding the nature of his conduct, is guilty of sexual assault.

NRS 201.230 defines lewdness, in relevant part, as the willful and lewd commission of

any lewd or lascivious act, other than acts constituting the crime of sexual assault, upon or with the body, or any part or member thereof, of a child under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of that person or of that child.

In *Braunstein v. State,*[2] we concluded that "[t]he crimes of sexual assault and lewdness are mutually exclusive and convictions for both based upon a single act cannot stand." Reversal is required for "'redundant convictions that do not comport with legislative intent.'"[3] Our decision in *Braunstein* is consistent with our holding in *Townsend v. State*[4] that "it is clear that lewdness with a child under the age of fourteen cannot be deemed an included offense of the crime of sexual assault. The express language of the lewdness statute precludes this."

Crowley argues his conduct immediately preceding the sexual assault on the male victim was incidental. Therefore, his conviction for lewdness with a minor was redundant and should be reversed. We agree.

Although the facts of a case may support convictions on separate charges "even though the acts were the result of a single encounter and all occurred within a relatively short time,"[5] the case at bar does not warrant separate convictions. In *Wright v. State,*[6] the accused attempted to sexually assault the victim, but stopped when a car passed the area of the assault. After the car passed, the accused resumed his assault.[7] We affirmed convictions for both attempted sexual assault and sexual assault despite the short time period between both acts.[8] In *Townsend,* we affirmed separate convic-

---

[2]118 Nev. 68, 79, 40 P.3d 413, 421 (2002).

[3]*Id.* (quoting *Albitre v. State,* 103 Nev. 281, 283, 738 P.2d 1307, 1309 (1987)).

[4]103 Nev. 113, 120, 734 P.2d 705, 710 (1987).

[5]*Wright v. State,* 106 Nev. 647, 650, 799 P.2d 548, 549-50 (1990).

[6]*Id.* at 650, 799 P.2d at 549.

[7]*Id.*

[8]*Id.* at 650, 799 P.2d at 549-50; *see also Wicker v. State,* 95 Nev. 804, 806, 603 P.2d 265, 267 (1979) (explaining that, statutorily, the accused performed separate acts and could be convicted of a separate offense for each act notwithstanding the short period of time between acts).

tions for fondling a victim's breasts and digitally penetrating the victim.[9] We held that because "Townsend stopped that activity [fondling the child's breasts] before proceeding further," separate acts of lewdness occurred.[10]

The facts of this case are distinguishable from both *Wright* and *Townsend*. The State charged Crowley with sexual assault and lewdness with a minor for his actions involving the male victim. The victim testified that Crowley "rubbed [his] private parts" with his hand on the outside of his pants. Crowley then put his hand inside the male victim's underwear and touched his penis. Finally, Crowley "pulled [the male victim's] pants down, and used his mouth and sucked [his] private parts."

Unlike Wright and Townsend, Crowley never interrupted his actions. Crowley's act of rubbing the male victim's penis on the outside of his pants was a prelude to touching the victim's penis inside his underwear and the fellatio. By touching and rubbing the male victim's penis, Crowley sought to arouse the victim and create willingness to engage in sexual conduct. Crowley's actions were not separate and distinct; they were a part of the same episode. Because Crowley intended to predispose the victim to the subsequent fellatio, his conduct was incidental to the sexual assault and cannot support a separate lewdness conviction.[11] Therefore, we conclude that Crowley's convictions for sexual assault and lewdness with a minor are redundant, and we reverse the conviction for lewdness with a minor.[12]

*Prior inconsistent statements*

"Trial courts have considerable discretion in determining the relevance and admissibility of evidence. An appellate court should not disturb the trial court's ruling absent a clear abuse of that discretion."[13]

---

[9]103 Nev. at 121, 734 P.2d at 710.

[10]*Id.*

[11]NRS 200.364(2) defines sexual penetration, as used in NRS 200.366, as "cunnilingus, fellatio, or any intrusion, however slight, of any part of a person's body or any object manipulated or inserted by a person into the genital or anal openings of the body of another, including sexual intercourse in its ordinary meaning."

[12]Given our conclusion that the lewdness with a minor conviction must be reversed, we need not consider Crowley's argument that the district court violated the constitutional proscription against cruel and unusual punishment by ordering that the sentences for the lewdness and sexual assault of a child under fourteen be served consecutively.

[13]*Atkins v. State,* 112 Nev. 1122, 1127, 923 P.2d 1119, 1123 (1996) (citation omitted).

NRS 51.035 defines hearsay as "a statement offered in evidence to prove the truth of the matter asserted." Under subsection 2 of that statute, a statement is not hearsay if it is inconsistent with the declarant's testimony and the declarant is "subject to cross-examination concerning the statement." Further, NRS 50.135(2) precludes admission of "[e]xtrinsic evidence of a prior contradictory statement by a witness" unless "[t]he statement fulfills all the conditions required by subsection 3 of NRS 51.035; or . . . [t]he witness is afforded an opportunity to explain or deny the statement and the opposite party is afforded an opportunity to interrogate him thereon."[14]

Crowley contends the district court erred by admitting his wife's statement under the prior inconsistent statement exception. Crowley argues the statement was consistent with her testimony and should have been excluded. We disagree.

Crowley's wife testified about a conversation she had with Brownfield, an investigator with the Division of Child and Family Services. She denied telling the investigator that her husband acted inappropriately when intoxicated. Specifically, she stated that she did not "remember ever saying anything like that." The State then called Brownfield as a witness. Brownfield, over Crowley's objection, testified about the comments made by Crowley's wife.

We conclude that when a trial witness fails, for whatever reason, to remember a previous statement made by that witness, the failure of recollection constitutes a denial of the prior statement that makes it a prior inconsistent statement pursuant to NRS 51.035(2)(a). The previous statement is not hearsay and may be admitted both substantively and for impeachment.

This conclusion is in harmony with our prior decisions. In *Atkins v. State,*[15] we held that a witness's failure to recall might be construed as a denial of a prior statement. As such, a district court may admit a prior statement as inconsistent with the presumed lack of memory at trial.[16] The United States Court of Appeals for the Ninth Circuit similarly upheld the admission of a prior inconsistent statement when the witness was allowed at some point to explain or deny the prior inconsistent statement.[17] Therefore, we conclude the district court properly admitted Brownfield's testimony.

---

[14]NRS 50.135(2).

[15]112 Nev. 1122, 1129-30, 923 P.2d 1119, 1124 (1996).

[16]*See id.*; *see also* 3 Stephen A. Saltzburg et al., *Federal Rules of Evidence Manual* 613-1 to 613-29 (8th ed. 2002).

[17]*See U.S. v. Young,* 86 F.3d 944, 949 (9th Cir. 1996).

## CONCLUSION

Having considered each of Crowley's arguments, we conclude that his challenge to the lewdness conviction has merit, but that his other arguments lack merit. We therefore affirm the convictions for sexual assault of a child under fourteen, sexual assault of a child under sixteen, and open or gross lewdness, but we reverse the conviction for lewdness with a child under fourteen and remand the case to the district court for resentencing.

SHEARING, C. J., AGOSTI, ROSE and BECKER, JJ., concur.

MAUPIN, J., concurring:

I concur with the result reached by the majority in this appeal. I write separately to note my view that, separate and apart from the majority's analysis of NRS 51.035(2)(a), admission of Mrs. Crowley's out-of-court statement to Dot Brownfield, the Division of Child and Family Services investigator, did not violate the basic prohibitions against admission of hearsay evidence.

"Hearsay," as defined in the Nevada evidence code, "means a statement offered in evidence to prove the truth of the matter asserted [in the statement]."[1] Thus, aside from NRS 51.035(2)(a), which defines prior inconsistent statements of a testifying witness as "non-hearsay," Mrs. Crowley's out-of-court statements to Ms. Brownfield would technically fall within the statutory definition of hearsay. In my view, notwithstanding the statutory definition, any out-of-court statement is admissible as "non-hearsay" when the hearsay declarant appears in court and subjects himself or herself to confrontation by the parties.

To explain, the traditional formulation of the hearsay rule is more elaborate than the simple statutory formulation embraced by the Nevada Legislature in NRS 51.035. Under the traditional formulation, hearsay is an out-of-court statement offered to prove the truth of its contents, the probative value of which is dependent upon the credibility of a witness that cannot be cross-examined.[2] By way of history, while the short formulation was adopted for ease of use in the courtroom, the traditional formulation has never been

---

[1]NRS 51.035.

[2]*See Ohio v. Roberts,* 448 U.S. 56, 62 n.4 (1980) (quoting E. Cleary, *McCormick on Evidence* § 246, at 584 (2d ed. 1972)):

　With the caveat, "[s]implification has a measure of falsification," McCormick defines hearsay evidence as "testimony in court, or written evidence, of a statement made out of court, the statement being offered as an assertion to show the truth of matters asserted therein, and thus resting for its value upon the credibility of the out-of-court asserter."

abandoned as a real matter because the essence of the hearsay rule is the guarantee of due process confrontation of witnesses.[3]

Here, Mrs. Crowley was in court, was competent to testify, and was subject to cross-examination. The right of confrontation inherent in the hearsay rule was thus not violated. Accordingly, I would hold that no substantive hearsay violation occurs when the hearsay declarant is in court and subject to cross-examination.

[3]*See* 5 John Henry Wigmore, *A Treatise on the Anglo-American System of Evidence in Trials at Common Law* § 1362, at 7 (3d ed. 1940) ("It is thus apparent that the essence of the Hearsay rule is a requirement that testimonial assertions shall be subjected to the test of cross-examination."); Carl C. Wheaton, *What is Hearsay?*, 46 Iowa L. Rev. 210, 224 (1961) ("[T]he only purpose served by confrontation is that it provides an opportunity for cross-examination."). *Cf. California v. Green,* 399 U.S. 149, 155-56 (1970) (while protections afforded by hearsay rules and Confrontation Clause overlap and generally protect similar values, their protections are not exactly congruent).