An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

STEVEN LEE NEWBERG,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 57736

FILED

APR 2 5 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of two counts of first-degree kidnapping, five counts of sexual assault with the use of a deadly weapon, and possession of a dangerous weapon. Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.

Appellant Steven Newberg was charged with multiple counts of sexual assault and kidnapping for offenses committed against Jill Snider, Genia Polischuk, and a minor female. Snider and Polischuk testified at a preliminary hearing. After the preliminary hearing, the district court granted Newberg's motion to sever the charges involving the minor from the charges involving Snider and Polischuk.[1]

Polischuk died before the second trial took place. Consequently, the State untimely filed a motion in limine to admit

---

[1]Newberg was tried and convicted on the charges involving the minor, and the trial for the charges involving Snider and Polischuk was held several years later.

13-12206

Polischuk's preliminary hearing testimony. To cure the untimeliness, the district court continued the trial date for 15 days. At the end of the 15 days, the district court held a motion in limine hearing and admitted Polischuk's testimony into evidence. The district court directed the attorneys to read Polischuk's preliminary hearing testimony into the trial record.

At trial, a police detective testified about a jailhouse phone call in which Newberg stated "I'm in deep [expletive]" upon learning the police seized his briefcase containing several videotapes depicting him having sex with various women, including Snider, Polischuk and the minor.

Near the end of the trial, Newberg planned to call Nicole Taylor to testify that she told a private investigator she and Newberg engaged in consensual sex. However, once Newberg learned Taylor could not remember the statements she gave to the private investigator, he moved the court to determine her unavailable as a witness. *See* NRS 51.055. Newberg claimed Taylor's memory loss amounted to a mental infirmity, thus, she was unfit to testify. The district court denied the motion and Newberg rested his case.

Thereafter, Newberg objected to several jury instructions and proposed adding his own language to another. The court overruled Newberg's objections and declined his proposed additions.

The jury convicted Newberg and this appeal followed. On appeal, Newberg argues that the district court abused its discretion by: (1) finding Ms. Taylor was available to testify and precluding a private

 

investigator's testimony regarding an interview with Taylor;[2] (2) admitting Newberg's jailhouse phone call into evidence in violation of Newberg's Confrontation Clause rights; (3) continuing the trial; (4) admitting Polischuk's preliminary hearing transcript into evidence in violation of Newberg's Confrontation Clause rights; and (5) requesting the attorneys read Polischuk's preliminary hearing testimony into the trial record. Newberg also argues that the district court gave improper jury instructions.[3]

Generally, this court reviews a district court's evidentiary decisions for an abuse of discretion. *Crowley v. State*, 120 Nev. 30, 34, 83 P.3d 282, 286 (2004). However, this court reviews de novo whether a trial court admitted evidence that violated a defendant's Confrontation Clause rights. *Chavez v. State*, 125 Nev. 328, 339, 213 P.3d 476, 484 (2009).

---

[2]The record does not reflect that Newberg raised the issue regarding the private investigator's testimony below; therefore, we decline to review it. *See Cordova v. State*, 116 Nev. 664, 666, 6 P.3d 481, 482-83 (2000) (Stating that "[f]ailure to object during trial generally precludes appellate consideration of an issue" and addressing this court's discretion to consider the alleged error if it was plain and affected the defendant's substantial rights).

[3]Newberg raised two additional issues on appeal: whether the district court abused its discretion in ruling that, if Newberg testified at trial, his conviction for the crimes against the minor could be used for impeachment purposes; and that cumulative error deprived him of his due process rights. Newberg did not preserve the impeachment issue for appeal because the record does not reflect that Newberg made an offer of proof to the court outlining his intended testimony, nor does it reflect that the district court's decision dissuaded Newberg from testifying at trial. *Cf. Warren v. State*, 121 Nev. 886, 895, 124 P.3d 522, 528 (2005). Also, we decline to review Newberg's cumulative error claim because we determine that the district court did not err.

*Taylor's availability as a witness*

Under NRS 51.055(1)(c), "[a] declarant is 'unavailable as a witness' if the declarant is . . . [u]nable to be present or to testify at the hearing because of . . . then existing physical or mental illness or infirmity."

The district court did not err in determining Taylor was available to testify because, in Nevada, memory loss is not grounds to find a declarant unavailable. *See* Soonhee A. Bailey & Jeffrey Jaeger, *Courtroom Handbook on Nevada Evidence*, 586 cmt. 1 (2010).


*Jailhouse phone call*

Newberg also contends that his statement from the phone call should not have been admitted because it was irrelevant and its prejudicial effect greatly outweighed its probative value. Newberg asserts that the phone conversation was hearsay and its admission violated his Sixth Amendment confrontation rights.

The district court properly admitted the phone conversation. The statement from the phone call was not hearsay because Newberg was the declarant; therefore, Newberg's statement is exempted from the hearsay rule as an admission of a party opponent. See NRS 51.035(3)(a). The phone call was relevant because it had the tendency to prove Newberg had sexually assaulted Snider or Polischuk. See NRS 48.015. The conversation's prejudicial effect did not outweigh its probative value because the district court ensured the jury understood Newberg was in custody on a charge unrelated to the charges he faced at trial. Moreover, a

defendant cannot assert a Confrontation Clause violation for the lack of an opportunity to cross-examine himself.

*Continuing the trial*

This court reviews continuance decisions on a case-by-case basis and gives great deference to the district court's decision. *Zessman v. State*, 94 Nev. 28, 31, 573 P.2d 1174, 1177 (1978). Generally, this court will find an abuse of discretion only if the defendant can demonstrate that the district court's continuance decision prejudiced him or her, for example, by inhibiting the defendant's ability to prepare for trial. *See id.* at 30-32, 573 P.2d at 1176-77.

Here, Newberg failed to demonstrate prejudice. Newberg was aware the State would attempt to admit Polischuk's preliminary hearing testimony well before the State filed its motion in limine; thus, he was likely prepared to argue against it.[4] If Newberg was unprepared, he had 15 days to prepare for the motion in limine hearing. These additional days allowed Newberg to review Polischuk's preliminary hearing testimony and plan adjustments to his trial strategies if the testimony was admitted. Therefore, the district court did not prejudice Newberg and we affirm the court's decision.

---

[4]In an amended motion in limine and at the subsequent motion hearing, the State declared that—several years before the trial commenced—it conversed with Newberg's appellate counsel regarding the State's plan to use Polischuk's preliminary hearing testimony at trial. At the motion hearing, Newberg acquiesced to the State's assertion by stating "[w]hatever knowledge [the State] wants to impute to us, that's fine. [The State] still has to follow the rules."

*Polischuk's preliminary hearing testimony*

Newberg argues that the district court should have excluded Polischuk's preliminary hearing testimony because the interpreters' method rendered the testimony unreliable and inaccurate. Newberg also contends that admitting Polischuk's preliminary hearing testimony violated his Sixth Amendment Confrontation Clause rights because his counsel was unable to comprehensively cross-examine Polischuk at the preliminary hearing. Further, Newberg claims the district court abused its discretion by ordering the attorneys to read Polischuk's preliminary hearing testimony into the trial record.

We give a district court great deference in determining an interpreter's competence and the court's decision will not be overturned absent an abuse of that discretion. *Baltazar-Monterrosa v. State*, 122 Nev. 606, 614, 137 P.3d 1137, 1142 (2006). Here, the district court did not abuse its discretion in determining the interpreters were competent because the court ensured Polischuk completely understood them.

Admitting Polischuk's preliminary hearing testimony did not violate the Confrontation Clause, because Newberg had the opportunity to effectively cross-examine Polischuk at the preliminary hearing. *See Chavez*, 125 Nev. at 338, 213 P.3d at 483-84; *Pantano v. State*, 122 Nev. 782, 790, 138 P.3d 477, 482 (2006).

Also, the district court did not abuse its discretion in requiring the attorneys to read Polischuk's preliminary hearing testimony into the record because the district court took several steps to minimize any prejudice that the reading may have caused.

*Jury Instructions*

Newberg argues that five of the jury instructions were improperly given and additional language should have been added to another instruction.[5]

We review a district court's decision regarding jury instructions for an abuse of discretion. *Rose v. State*, 123 Nev. 194, 204-05, 163 P.3d 408, 415 (2007). Here, the record supports the district court's exercise of discretion and evidences that Newberg's proposed additional language was unnecessary because it was duplicative.

Based on the foregoing, the district court did not err. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.          _____, J.
Douglas                                              Saitta

_____

[5]Newberg objected to jury instructions 4, 7, 8, 9 and 15. Newberg asserted that jury instruction number 4 placed undue emphasis on the term "inveigle" because the instruction provided a definition for the term. Newberg further asserts that jury instructions 7, 8, and 9 contained improper language and should have been condensed into a single instruction. Additionally, Newberg claims jury instruction number 15 had argumentative language and improperly lightened the prosecution's burden of proof. Newberg concedes instruction number 10 was properly given, but he wanted to add language instructing the jury that it could consider a lack of corroboration, during deliberations. Also, Newberg argued the court should have given an instruction informing the jury that a witness' drug addiction can impact the witness' testimony.

cc:    Hon. Michelle Leavitt, District Judge
       Dayvid J. Figler
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk