# IN THE SUPREME COURT OF THE STATE OF NEVADA

SAMUEL GOMEZ,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 71611

FILED

JUL 03 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of two counts of sexual assault with a minor under the age of 14, three counts of lewdness with a child under the age of 14, and one count of attempted lewdness with a child under the age of 14. Eighth Judicial District Court, Clark County; Jennifer P. Togliatti, Judge.

In 2011, appellant Samuel Gomez was reported to law enforcement for sexually assaulting two of his daughter's friends on multiple occasions throughout the summer of 2009. The victims, M.S. and C.S., were approximately eleven and twelve years old, respectively. Gomez was charged with and convicted of two counts of sexual assault with a minor under the age of 14 (both counts relating to C.S.), three counts of lewdness with a child under the age of 14 (one count relating to C.S. and two counts relating to M.S.), and one count of attempted lewdness with a child under the age of 14 relating to M.S.

Gomez now appeals, arguing that (1) his sexual assault and lewdness convictions violate double jeopardy and are redundant, (2) the use of the word "victim" in reference to his accusers throughout trial was unfairly prejudicial, (3) the district court erroneously instructed the jury regarding corroboration of victim testimony and convictions for multiple acts arising out of a single encounter, and (4) the district court deprived him

18-25194

of his right to self-representation. We reject these arguments and affirm Gomez's judgment of conviction.

*Double jeopardy and redundancy principles*

Gomez argues that his multiple convictions relating to C.S.—one lewdness conviction and two sexual assault convictions—arose from the same offense, and thus, are redundant and violate the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution.[1] *See Garcia v. State*, 121 Nev. 327, 342, 113 P.3d 836, 845 (2005) ("Double jeopardy protects a criminal defendant . . . from multiple punishments for the same offense in a single trial."). We disagree.

"The crimes of sexual assault and lewdness are mutually exclusive and convictions for both based upon a single act cannot stand." *Gaxiola v. State*, 121 Nev. 638, 651, 119 P.3d 1225, 1234 (2005) (internal quotation marks omitted). Nonetheless, "separate and distinct acts of sexual assault may be charged as separate counts and result in separate convictions even though the acts were the result of a single encounter and all occurred within a relatively short time." *Id.* (internal quotation marks omitted).

We conclude that there is sufficient, particularized testimony to show that (1) Gomez's sexual assault convictions relating to C.S. arose out of separate encounters; and (2) Gomez's lewdness conviction and one of his sexual assault convictions relating to C.S. arose out of a single encounter,

---

[1]Gomez provides no double jeopardy or redundancy arguments for his lewdness and attempted lewdness convictions relating to M.S.

 

but were the result of separate and distinct acts.[2] *See LaPierre v. State*, 108 Nev. 528, 531, 836 P.2d 56, 58 (1992) (providing that "the testimony of a sexual assault victim alone is sufficient to uphold a conviction," and that "the victim must testify with *some* particularity regarding the incident in order to uphold the charge").

First, there is no redundancy issue regarding Gomez's two sexual assault convictions because C.S. testified at trial that Gomez's acts of sexual assault occurred on separate days. In particular, C.S. testified that Gomez forced her to engage in vaginal sexual intercourse in his younger daughter's bedroom on one occasion and in his older daughter's bedroom on another. With regard to Gomez's lewdness conviction, the State's charging document alleged that Gomez "us[ed] his mouth to touch and/or kiss the neck of" C.S. During trial, C.S. testified that Gomez kissed her neck and groped her in the kitchen before leading her to his younger daughter's bedroom to sexually assault her. In light of this testimony, we conclude that, although Gomez kissing C.S. on her neck and thereafter sexually assaulting her arose out of the same encounter, Gomez interrupted his actions in the kitchen by taking C.S. into his daughter's bedroom before forcing her to engage in vaginal sexual intercourse. *See Crowley v. State*, 120 Nev. 30, 34, 83 P.3d 282, 285 (2004) (concluding that appellant's convictions for lewdness with a minor and sexual assault were redundant because the appellant "never interrupted his actions" when touching a male victim's genitalia and performing fellatio on him). This interruption

---

[2]Although Gomez argues that there was insufficient, non-particularized testimony to support his convictions relating to M.S., this argument was raised for the first time in the reply brief; thus, we decline to consider this argument. NRAP 28(c) (providing that a reply brief "must be limited to answering any new matter set forth in the opposing brief").

constituted a sufficient break in time to render Gomez's acts against C.S. separate and distinct to support separate convictions. *Wright v. State*, 106 Nev. 647, 650, 799 P.2d 548, 549-50 (1990) (affirming convictions for both attempted sexual assault and sexual assault where appellant attempted to sexually assault victim, briefly paused when a car passed by, and completed the assault thereafter). Accordingly, we conclude that Gomez's convictions relating to C.S. do not violate double jeopardy and are not redundant.

*Use of the term "victim" in reference to Gomez's accusers at trial*

Gomez argues that the use of the term "victim" in reference to his accusers by the State, by a detective testifying for the State, and in a jury instruction, was unfairly prejudicial. We disagree.

Gomez did not object to this alleged error below; thus, we review for plain error. *See Flanagan v. State*, 112 Nev. 1409, 1423, 930 P.2d 691, 700 (1996) ("Failure to object or to request an instruction precludes appellate review, unless the error is patently prejudicial and requires the court to act sua sponte to protect a defendant's right to a fair trial."); *see also Tavares v. State*, 117 Nev. 725, 729, 30 P.3d 1128, 1131 (2001) (providing that this court may "address an error if it was plain and affected the defendant's substantial rights").

First, we conclude that the State's reference to C.S. and M.S. as "victims" was a "fair comment on the evidence" presented at trial that Gomez sexually assaulted them, and thus, did not result in prejudice to Gomez. *U.S. v. Gibson*, 690 F.2d 697, 703 (9th Cir. 1982) (providing that the prosecutor's characterization of investors as "victims" was proper in light of evidence presented at trial that the investors incurred losses as a result of the defendant's actions). Second, "the term 'victim,' to law enforcement officers, is a term of art synonymous with 'complaining witness,'" *Jackson v. State*, 600 A.2d 21, 24-25 (Del. 1991), and we decline

to adopt a steadfast rule prohibiting law enforcement officers from utilizing commonly practiced terms of art while testifying in court. Finally, this court has previously approved of a jury instruction's use of the term "victim" under facts similar to this case. *See Gaxiola v. State*, 121 Nev. 638, 647-50, 119 P.3d 1225, 1231-33 (2005). Accordingly, we conclude that the use of the term "victim" in reference to Gomez's accusers was not plain error.

*Jury instructions*

Gomez argues that the district court erred in instructing the jury regarding corroboration of victim testimony (Jury Instruction 18) and convictions for multiple acts arising out of a single encounter (Jury Instruction 14). We disagree.

Gomez did not object to these jury instructions below; thus, we review for plain error. *See Flanagan*, 112 Nev. at 1423, 930 P.2d at 700; *Tavares*, 117 Nev. at 729, 30 P.3d at 1131. First, Jury Instruction 18 states:

> There is no requirement that the testimony of a victim of Sexual Assault With a Minor Under Fourteen Years of Age and/or Lewdness With a Child Under the Age of 14 be corroborated, and her testimony standing alone, if believed beyond a reasonable doubt, may be sufficient to support a verdict of guilty.

Gomez acknowledges that this court has approved of nearly identical language as that used in Jury Instruction 18. *See Gaxiola*, 121 Nev. at 647-50, 119 P.3d at 1231-33. Nonetheless, Gomez urges us to depart from our precedent by looking to other jurisdictions that have rejected similar instructions. However, the cases from those jurisdictions were issued prior to *Gaxiola*, and thus, we decline to revisit the matter here. Accordingly, because Jury Instruction 18 comports with Nevada law, we conclude that the district court did not plainly err in issuing the instruction.

Second, Jury Instruction 14 states, in relevant part:

Supreme Court
OF
Nevada

(O) 1947A

5

> Only one sexual assault or lewdness with a child under the age of 14 occurs when a defendant's actions were *of one specific type of sexual assault* and those acts were continuous and did not stop between the acts of that specific type.

(Emphasis added.) Gomez argues that Jury Instruction 14 erroneously states the law by instructing the jurors that a single sexual assault occurs only when an accused commits a single, specific type of assault. Instead, Gomez argues that multiple acts of sexual assault arising out of a single encounter can result in only a single conviction. We disagree.

Although touching that is merely incidental to a subsequent sexual assault may not sustain a separate conviction for lewdness, *Crowley*, 120 Nev. at 34, 83 P.3d at 285, multiple convictions may be sustained if each rests on a separate and distinct act within a broader sexual encounter, *see Townsend v. State*, 103 Nev. 113, 120-21, 734 P.2d 705, 709-10 (1987) (affirming separate convictions of lewdness with a child and sexual assault for fondling a victim's breasts and digitally penetrating the victim's vagina in a single encounter); *see also Deeds v. State*, 97 Nev. 216, 217, 626 P.2d 271, 272 (1981) (holding that "separate and distinct acts of sexual assault committed as a part of a single criminal encounter may be charged as separate counts and convictions entered thereon"). Thus, because multiple acts of sexual assault arising out of a single encounter does not necessarily result in only a single conviction, we conclude that the district court did not plainly err in issuing Jury Instruction 14.

*Self-representation*

Gomez argues that the district court erred in denying his request to represent himself at his sentencing hearing. We disagree.

A defendant who chooses self-representation "must knowingly and intelligently forgo" his or her right to counsel. *Faretta v. California*,

422 U.S. 806, 835 (1975) (internal quotation marks omitted). When a defendant seeks to waive his or her right to counsel, "court[s] should conduct a *Faretta* canvass to apprise the defendant fully of the risks of self-representation and of the nature of the charged crime so that the defendant's decision is made with a clear comprehension of the attendant risks." *O'Neill v. State*, 123 Nev. 9, 17, 153 P.3d 38, 43 (2007) (internal quotation marks omitted). "A district court may, however, deny a defendant's request for self-representation where . . . the request is equivocal." *Id.* at 17, 153 P.3d at 44 (internal quotation marks omitted). This court reviews the district court's decision to deny a motion for self-representation for an abuse of discretion. *See Gallego v. State*, 117 Nev. 348, 362, 23 P.3d 227, 236-37 (2001), *abrogated on other grounds by Nunnery v. State*, 127 Nev. 749, 263 P.3d 235 (2011).

During Gomez's sentencing hearing, Gomez had the court interpreter read a pre-written statement to the court. The statement prefaced with, "[t]his sentencing cannot go forward with me today with the appointed attorney," followed by a declaration that Gomez was moving for "a dismissal of counsel" due to multiple alleged instances of ineffective assistance. The district court, after inquiring into the matter, explained to Gomez that he was not entitled to different counsel but that he may choose to proceed pro se. Gomez's counsel then requested that Gomez's sentencing be moved back a week to allow him to discuss the matter with Gomez, to which Gomez did not object. Thereafter, at the continued sentencing hearing, Gomez's counsel stated that he had fully apprised Gomez of his options regarding his prior motion to dismiss counsel and that Gomez decided to withdraw his motion. The district court then confirmed with Gomez his decision to withdraw his motion.

We conclude that Gomez's pre-written statement does not constitute an unequivocal request for self-representation. Specifically, Gomez's general characterization of his statement as a motion for "a dismissal of counsel" did not specify the type of remedy he was seeking—i.e., whether he was seeking to replace counsel or proceed pro se. Moreover, the equivocal nature of Gomez's request for self-representation was further evidenced by his subsequent withdrawal of his motion to dismiss counsel. Thus, we conclude that the district court did not deprive Gomez of his right to self-representation.

Accordingly, we

ORDER the judgment of conviction AFFIRMED.[3]

_____, J.
Cherry

_____, J.
Parraguirre

_____, J.
Stiglich

---

[3]Gomez also argues that the cumulative effects of the alleged trial errors warrant reversal of his convictions. *See Hernandez v. State*, 118 Nev. 513, 535, 50 P.3d 1100, 1115 (2002) ("The cumulative effect of errors may violate a defendant's constitutional right to a fair trial even though errors are harmless individually."). Having rejected all of Gomez's asserted errors, we conclude that a cumulative error analysis is not necessary. *See Rimer v. State*, 131 Nev., Adv. Op. 36, 351 P.3d 697, 716 (2015) (holding that "because [the appellant] has failed to demonstrate any trial error, we conclude that he was not deprived of a fair trial due to cumulative error").

cc: Hon. Jennifer P. Togliatti, District Judge
The Law Office of Dan M. Winder, P.C.
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk