140 Nev., Advance Opinion 23

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| RAMEL W. ORTIZ,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 85887<br><br>**FILED**<br><br>APR 04 2024<br>ELIZABETH A. BROWN<br>CLERK OF SUPREME COURT<br>BY_____<br>CHIEF DEPUTY CLERK |

Appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.

*Affirmed in part, reversed in part, and remanded with instructions.*

Steven S. Owens, LLC, and Steven S. Owens, Henderson,
for Appellant.

Aaron D. Ford, Attorney General, Carson City; Steven B. Wolfson, District Attorney, and Alexander Chen, Chief Deputy District Attorney, Clark County,
for Respondent.

---

BEFORE THE SUPREME COURT, STIGLICH, LEE, and BELL, JJ.

## OPINION

By the Court, BELL, J.:

Appellant Ramel Ortiz was convicted of six counts of sexual assault and other felonies after he broke into victim M.P.'s house and forced M.P. to engage in multiple sexual acts. Four of the sexual assault counts

24-11868

arose from an incident during which Ortiz subjected M.P. to intercourse in different sexual positions. In this opinion, we consider whether appellate counsel provided ineffective assistance by failing to challenge the sufficiency of the evidence to support multiple sexual assault convictions.

Nevada precedent provides that a change in sexual position alone is insufficient to show that the resulting sexual acts constitute more than one sexual assault offense. Appellate counsel applied that precedent to unsuccessfully challenge jury instructions but failed to challenge the multiple convictions for the same incident. We conclude that appellate counsel's omission of a sufficiency challenge to the multiple convictions fell below an objective standard of reasonableness. Because the sufficiency challenge stood a reasonable probability of success had it been raised on appeal from the judgment of conviction, we further conclude that Ortiz was prejudiced by appellate counsel's omission of that challenge. The district court erred in denying Ortiz's postconviction petition for a writ of habeas corpus with respect to this ineffective-assistance claim. We reverse in part and remand for the district court to vacate three of Ortiz's sexual assault convictions. Because Ortiz's remaining claims lack merit, we affirm the district court's decision as to those claims.

*FACTS AND PROCEDURAL HISTORY*

During the early morning hours of March 9, 2017, Ortiz entered M.P.'s home. When Ortiz encountered M.P. in a hallway, Ortiz pointed a gun at M.P.'s back and began leading her through the house. Ortiz claimed to be searching for a phone. Ortiz then demanded that M.P. engage in various sexual acts with him. M.P. informed Ortiz that her adult daughter, E.C., would be returning home from work soon. Ortiz reassured M.P. that E.C. would not be harmed if M.P. complied with Ortiz's demands. Ortiz led M.P. into her bedroom and forced her to engage in vaginal intercourse with

SUPREME COURT
OF
NEVADA

(O) 1947A

him, moving into multiple sexual positions during the encounter. Ortiz eventually allowed M.P. to leave the bedroom but perpetrated additional offenses in other locations in the home. When E.C. returned from work, M.P. offered Ortiz the keys to E.C.'s car. M.P. encouraged Ortiz to take the car and leave. Ortiz declined, stating that all three of them would be leaving together. Ortiz asked E.C. for a pair of socks, which E.C. retrieved from her room and gave to him.

Ultimately, M.P. and E.C. escaped by running outside and driving to safety. When police arrived, Ortiz was no longer present. Police discovered items had been taken from the home, including jewelry and E.C.'s socks. In the home, police recovered two pairs of orange boxer shorts and a pair of orange socks. These items bore the initials of the Clark County Detention Center (CCDC). DNA testing linked one of the pairs of boxer shorts to Ortiz, who had been released from CCDC the night before after an unrelated arrest.

A jury found Ortiz guilty of burglary, first- and second-degree kidnapping, robbery, assault, six counts of sexual assault, and three counts of open or gross lewdness. The district court sentenced Ortiz to an aggregate prison term of twenty-five years to life. Ortiz appealed, and this court affirmed the convictions. *Ortiz v. State*, No. 78996, 2021 WL 1085375 (Nev. Mar. 19, 2021) (Order of Affirmance). Ortiz subsequently filed a timely postconviction petition for a writ of habeas corpus alleging multiple instances of ineffective assistance of counsel. Postconviction counsel filed a supplemental brief and waived an evidentiary hearing. Following argument, the district court denied the petition.

## DISCUSSION

*Ineffective assistance of counsel*

Ortiz argues that the district court erred in denying multiple claims of ineffective assistance of trial and appellate counsel. To demonstrate ineffective assistance of counsel, a petitioner must show that counsel's performance fell below an objective standard of reasonableness and that the prejudice from the deficient performance creates a reasonable probability that there would have been a different outcome absent counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *see also Warden v. Lyons*, 100 Nev. 430, 432, 683 P.2d 504, 505 (1984) (adopting the *Strickland* test); *Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1113-14 (1996) (applying the *Strickland* test to claims of ineffective assistance of appellate counsel). For purposes of the deficiency prong, counsel is strongly presumed to have provided adequate assistance and exercised reasonable professional judgment in all significant decisions. *Strickland*, 466 U.S. at 690. "With respect to the prejudice prong, '[a] reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Johnson v. State*, 133 Nev. 571, 576, 402 P.3d 1266, 1273 (2017) (alteration in original) (quoting *Strickland*, 466 U.S. at 694). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts of his or her claims by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We defer to the district court's factual findings that are supported by substantial evidence and not clearly wrong but review its application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

*Appellate counsel provided ineffective assistance by failing to challenge the sufficiency of the evidence to support multiple counts of sexual assault arising from a single encounter*

Ortiz argues that appellate counsel should have challenged the sufficiency of the evidence to support the sexual assault convictions in counts 4-7.[1] Specifically, Ortiz asserts that the sexual acts charged in these counts, all of which pertained to the conduct in M.P.'s bedroom, occurred during a single sexual encounter, and M.P.'s testimony was insufficient to support a finding of guilt as to more than one count of sexual assault. According to Ortiz, had appellate counsel raised this issue on direct appeal, three of the sexual assault convictions would have been reversed.

Nevada law provides that a person commits sexual assault when the person "[s]ubjects another person to sexual penetration . . . against the will of the victim." NRS 200.366(1)(a). "[S]eparate and distinct acts of sexual assault may be charged as separate counts and result in separate convictions 'even though the acts were the result of a single encounter and all occurred within a relatively short time.'" *Gaxiola v. State*, 121 Nev. 638, 651, 119 P.3d 1225, 1234 (2005) (quoting *Wright v. State*, 106 Nev. 647, 650, 799 P.2d 548, 549-50 (1990)). For example, where acts of sexual assault occurring during a single encounter involve different types of penetration, this court has held that each different type of penetration necessarily constitutes a separate and distinct sexual offense. *See, e.g.*, *Peck v. State*, 116 Nev. 840, 848-49, 7 P.3d 470, 475 (2000) (affirming two counts of sexual assault where the defendant digitally

_____

[1]Ortiz was convicted of two other counts of sexual assault (counts 9 and 10) occurring in a separate area of M.P.'s home but does not argue that appellate counsel should have challenged the sufficiency of the evidence to support these convictions.

penetrated the victim, then forcibly engaged her in sexual intercourse), *overruled on other grounds by Rosas v. State*, 122 Nev. 1258, 1266, 147 P.3d 1101, 1107 (2006), *abrogated on other grounds by Alotaibi v. State*, 133 Nev. 650, 404 P.3d 761 (2017); *Hutchins v. State*, 110 Nev. 103, 113, 867 P.2d 1136, 1143 (1994) (upholding four counts of sexual assault for four methods of penetration occurring during a single attack), *holding modified on other grounds by Mendoza v. State*, 122 Nev. 267, 275-76, 130 P.3d 176, 181 (2006); *Deeds v. State*, 97 Nev. 216, 216-17, 626 P.2d 271, 272 (1981) (upholding two sexual assault convictions for forced oral and vaginal penetration during a single encounter); *Wicker v. State*, 95 Nev. 804, 806, 603 P.2d 265, 266-67 (1979) (holding that vaginal, oral, and anal penetration constituted separate offenses, despite the acts occurring close in time to each other).

By contrast, when the acts of sexual assault occurring during a single encounter involve the same type of penetration, the acts support only one sexual assault conviction absent an interruption and subsequent reinitiation of activity. The decision in *Townsend v. State*, 103 Nev. 113, 734 P.2d 705 (1987), is illustrative. There, this court reviewed the propriety of two sexual assault convictions where the defendant lubricated the victim's vaginal area, removed his hand to add more lubricant, then returned and penetrated her vagina with his finger. *See id.* at 120, 734 P.2d at 709-10. This court concluded that subjecting the defendant to two sexual assault convictions under these circumstances was "not sustainable," as it would result in "a hypertechnical division of what was essentially a single act." *Id.* at 121, 734 P.2d at 710. As this court later explained, "only one sexual assault occurred [because the defendant's] actions were continuous and did not stop between the different acts." *Peck*, 116 Nev. at 848, 7 P.3d at 475; *cf. Wright*, 106 Nev. at 650, 799 P.2d at 549-50 (holding that separate

convictions for attempted and completed sexual assault were warranted because, before the completed offense, appellant briefly "stopped and waited while a car passed"). Thus, our precedent makes clear that multiple acts of the same type of penetration, even when performed in multiple sexual positions, are not separate and distinct sexual assaults when the encounter is continuous and there is no break or interruption between the acts. This court has not relied on instances of penetration alone to determine how many distinct acts have been proven. *See Townsend*, 103 Nev. at 121, 734 P.2d at 710.

On direct appeal, Ortiz's appellate counsel identified the multiple sexual assault counts arising from the encounter in M.P.'s bedroom as a potential source of error. Specifically, appellate counsel unsuccessfully argued that the trial court erred by providing incorrect instructions and refusing to proffer Ortiz's requested instructions regarding conditions warranting multiple sexual assault convictions. As support for that instructional-error argument, appellate counsel relied on *Townsend*. After considering the instructional-error argument, this court concluded that the trial court did not abuse its discretion because the given instructions accurately reflected the law and generally encompassed Ortiz's requested instructions. *See Ortiz*, 2021 WL 1085375, at *2.

Despite focusing on *Townsend* and observing in the opening brief that "[s]eparate convictions for one continuous course of conduct cannot stand," appellate counsel failed to raise a sufficiency-of-the-evidence challenge. And notably, the fact that appellate counsel identified the relevant authority but failed to make the argument that most logically flowed from it cannot be explained by the size limit placed on appellate briefs given that the opening brief fell approximately 2,000 words short of that limit. *See* NRAP 32(a)(7)(A)(ii) (setting forth type-volume limitation

for opening brief in a noncapital case). In these circumstances, we conclude that appellate counsel's omission of the sufficiency challenge based on *Townsend* and other similar cases fell below an objective standard of reasonableness.

Whether appellate counsel's deficient performance in this respect prejudiced Ortiz depends on the likelihood that the omitted sufficiency challenge would have succeeded on appeal. In that context, this court's inquiry on direct appeal would have been "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Origel-Candido v. State*, 114 Nev. 378, 381, 956 P.2d 1378, 1380 (1998) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

Here, M.P. testified that Ortiz penetrated her vagina with his penis in four sexual positions, all occurring on or next to her bed. M.P. thought Ortiz removed and then reinserted his penis when moving from one position to another, but she could not be sure and was unable to recall any details. A victim in a sexual assault case must testify with some particularity about the incident and there must be some reliable indicia that the number of acts charged actually occurred. *LaPierre v. State*, 108 Nev. 528, 531, 836 P.2d 56, 58 (1992). M.P.'s testimony did not reveal the amount of time that passed between positions, if any, or how the transitions occurred. She could not remember any specific events, actions, or statements that would tend to show interruption in Ortiz's conduct. Even viewing the evidence in the light most favorable to the State, our review of the record reveals that no rational trier of fact could have found beyond a reasonable doubt that each sexual position amounted to a separate and distinct sexual act. We therefore conclude that Ortiz has demonstrated that but for appellate counsel's omission, there is a reasonable probability that

SUPREME COURT
OF
NEVADA

(O) 1947A

8

the result on direct appeal would have been different. *See Kirksey*, 112 Nev. at 998, 923 P.2d at 1114; *see also LaPierre*, 108 Nev. at 531, 836 P.2d at 58 (vacating five counts of sexual assault on appeal where there was insufficient evidence to support a finding that the number of acts charged actually occurred). Accordingly, Ortiz has established that the district court erred in denying this claim of ineffective assistance of appellate counsel.

The district court also erred in determining that Ortiz waived this claim by failing to raise it on direct appeal. The appellate-counsel claim could not have been raised on direct appeal, and the sufficiency challenge is properly considered in the context of that ineffective-assistance claim even if an independent claim based on the sufficiency challenge would be subject to procedural bars. *Pellegrini v. State*, 117 Nev. 860, 883, 34 P.3d 519, 535 (2001), *abrogated on other grounds by Rippo v. State*, 134 Nev. 411, 423 n.12, 423 P.3d 1084, 1097 n.12 (2018).

*The remaining claims of ineffective assistance of counsel lack merit*

We have carefully considered the remaining ineffective-assistance-of-counsel claims raised in this appeal and conclude each lacks merit.

Ortiz argues that trial counsel provided ineffective assistance by failing to challenge the same sexual assault convictions. While it is possible trial counsel was also ineffective, Ortiz's reply brief specifically disavows any ineffectiveness claim for failure of trial counsel to challenge the charging document. Ortiz did not articulate what trial counsel should have done. As a result, we conclude that Ortiz failed to establish either deficient performance or prejudice, and the district court properly denied this claim with respect to trial counsel.

Ortiz also argues that trial counsel was ineffective for reserving an opening statement at the beginning of trial and then not giving the

statement after the State rested its case. According to Ortiz, the lack of an opening statement prevented jurors from adequately considering the defense theory of the case. Even assuming trial counsel should have given an opening statement, Ortiz has failed to demonstrate prejudice. Ortiz testified at trial, stating that the encounter with M.P. was consensual. Furthermore, trial counsel presented a clear and organized closing argument, explaining Ortiz's defense and highlighting inconsistencies that could undermine the victims' credibility. Ortiz has not shown a reasonable probability of a different outcome at trial had counsel made an opening statement to outline Ortiz's case. *See Watters v. State*, 129 Nev. 886, 890-91, 313 P.3d 243, 247 (2013) (explaining that opening statements merely outline what evidence counsel expects to present); *State v. Olivieri*, 49 Nev. 75, 77-78, 236 P. 1100, 1101 (1925) (explaining that opening statements "are not evidence . . . and cannot be so considered by the jury"). Thus, we conclude that the district court did not err in denying this ineffective-assistance claim.

Next, Ortiz asserts that trial counsel should not have stipulated that the orange jail-issued clothing found in M.P.'s home was Ortiz's because doing so exposed jurors to evidence of uncharged bad acts stemming from an unrelated arrest. Ortiz has failed to demonstrate deficient performance. Trial counsel's stipulation was not objectively unreasonable given Ortiz's DNA on the clothing. Additionally, the stipulation prevented the State from offering additional evidence about Ortiz's previous arrest and time in custody to link Ortiz to the clothing.

Likewise, Ortiz has failed to show prejudice for two reasons. First, any reference to the clothing having come from the Clark County Detention Center was redacted, and Ortiz failed to allege sufficient facts demonstrating that the jurors would infer the clothing was jail-issued based

Supreme Court
OF
Nevada

(O) 1947A

solely on its color. Second, Ortiz took the stand and testified about the unrelated arrest. Ortiz further contends that by stipulating to ownership of both pairs of boxer shorts, rather than only the one containing Ortiz's DNA, trial counsel could not argue that the second pair of shorts pointed to an alternate suspect. Ortiz fails to demonstrate a reasonable probability that this argument would have changed the outcome of the trial given the implausibility of this theory and lack of evidence corroborating the presence of another unidentified person in M.P.'s home. Therefore, we conclude that the district court did not err in denying this ineffective-assistance claim.

To the extent that Ortiz contends trial counsel was deficient for failing to prepare him to testify, this argument is belied by the record. Ortiz testified during cross-examination to meeting with counsel three to four times to prepare the testimony.

Additionally, Ortiz contends that trial and appellate counsel should have challenged the testimony of M.P.'s ex-husband as improper victim-impact testimony. Ortiz has not shown deficient performance given that trial counsel objected to the ex-husband's testimony about the breakdown of his marriage to M.P., which the district court overruled. Given the overruling of the objection, Ortiz has not shown counsel could have successfully challenged the testimony with a pretrial motion or additional objection. *See Donovan v. State*, 94 Nev. 671, 675, 584 P.2d 708, 711 (1978) (holding that counsel is not deficient for failing to make futile motions). Ortiz's contention that counsel should have objected to the ex-husband's testimony as improperly vouching for M.P.'s credibility was also without merit. The ex-husband's explanation that the marriage ended due to his inability to work through M.P. being sexually assaulted did not directly state any opinion about the truth of M.P.'s testimony. *See Farmer v. State*, 133 Nev. 693, 705, 405 P.3d 114, 125 (2017) (explaining that

impermissible vouching occurs when a witness "testif[ies] as to the truthfulness of another witness" (quoting *Perez v. State*, 129 Nev. 850, 861, 313 P.3d 862, 870 (2013))). Therefore, neither trial nor appellate counsel failed to raise a meritorious issue. *See Ennis v. State*, 122 Nev. 694, 706, 137 P.3d 1095, 1103 (2006) ("[C]ounsel need not lodge futile objections to avoid ineffective assistance of counsel claims."). Further, Ortiz has failed to demonstrate prejudice arising from the jury's knowledge of M.P.'s divorce, particularly given the nature of the offenses and overwhelming evidence of guilt presented at trial. Therefore, we conclude that the district court did not err in denying this ineffective-assistance claim.

Finally, Ortiz asserts that trial and appellate counsel should have challenged the conviction for second-degree kidnapping of E.C. as incidental to the robbery conviction. At trial, the evidence showed that M.P. encouraged Ortiz to take E.C.'s car, but he declined. According to M.P., Ortiz stated, "no, the three of us are going to go." Ortiz's statement that M.P. and E.C. would be leaving with him, after having shown both victims that he had a gun, caused M.P. and E.C. to reasonably believe they could not freely leave their home. A short time later, Ortiz asked E.C. for a pair of socks, which she retrieved from her room and gave to him. The detention of E.C., so that Ortiz could take her with him when he left the residence, was not inherent to the robbery. *See Mendoza*, 122 Nev. at 275, 130 P.3d at 181 (holding that convictions for both robbery and kidnapping arising from the same course of conduct may be sustained where "any movement or restraint [stands] alone with independent significance from the act of robbery itself"). Thus, the evidence supported the dual convictions, and Ortiz has not shown that trial or appellate counsel omitted a meritorious issue. Accordingly, we conclude that the district court did not err in denying this ineffective-assistance claim.

SUPREME COURT
OF
NEVADA

(O) 1947A

12

## CONCLUSION

By only eliciting testimony that established one type of sexual penetration on and near the victim's bed, without additional detail, the State failed to present evidence from which a rational juror could have found four separate and distinct acts of sexual assault. Because appellate counsel identified the possibility of error relating to these multiple convictions but failed to challenge the sufficiency of the evidence supporting them on direct appeal, we conclude that counsel's performance fell below an objective standard of reasonableness and prejudiced Ortiz. We conclude that Ortiz's other claims lack merit. Accordingly, we affirm in part, reverse in part, and remand with instructions to grant the petition in part and to vacate the convictions of sexual assault imposed in counts 5-7.

_____, J.
Bell

We concur:

_____, J.
Stiglich

_____, J.
Lee

SUPREME COURT
OF
NEVADA

(O) 1947A