## 136 Nev., Advance Opinion 43

### IN THE SUPREME COURT OF THE STATE OF NEVADA

EDWARD SAMUEL PUNDYK,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 77587

**FILED**

JUL 16 2020



ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Appeal from a judgment of conviction, pursuant to a jury verdict, of murder with the use of a deadly weapon and discharging a firearm at or into an occupied structure. Second Judicial District Court, Washoe County; Connie J. Steinheimer, Judge.

*Reversed and remanded.*

John L. Arrascada, Public Defender, and John Reese Petty, Chief Deputy Public Defender, Washoe County,
for Appellant.

Aaron D. Ford, Attorney General, Carson City; Christopher J. Hicks, District Attorney, and Jennifer P. Noble, Chief Appellate Deputy District Attorney, Washoe County,
for Respondent.

---

BEFORE PARRAGUIRRE, HARDESTY and CADISH, JJ.

20-26092

## OPINION

By the Court, CADISH, J.:

In resolving this appeal, we consider the admissibility of psychiatric expert witness testimony regarding a defendant's mental state for purposes of establishing that the defendant meets the not-guilty-by-reason-of-insanity standard under NRS 174.035(6). The Washoe County grand jury indicted appellant Edward Pundyk for murder with the use of a deadly weapon and discharging a firearm at or into an occupied structure. Pundyk asserted a defense of not guilty by reason of insanity to the charges. Before trial, the State moved to prevent Pundyk's psychiatric expert witness, Melissa Piasecki, M.D., from testifying that Pundyk was unable to appreciate that his conduct was wrong. Citing *Winiarz v. State*, 104 Nev. 43, 752 P.2d 761 (1988), the State argued that expert witness testimony regarding the mental state of a defendant is not admissible. Pundyk opposed, arguing that NRS 50.295 expressly allows such testimony. The district court granted the State's motion in part, determining that Dr. Piasecki could opine about Pundyk's ability to form intent at the time of the offense but could not provide a conclusion about Pundyk's mental state or his guilt or innocence.

We hold that the district court improperly limited Dr. Piasecki's testimony by not allowing her to opine about Pundyk's mental state at the time of the offense. NRS 50.295 expressly permits an expert witness to testify about ultimate issues within their area of expertise. Dr. Piasecki is a psychiatrist, and whether Pundyk meets the elements of the not-guilty-by-reason-of-insanity standard under NRS 174.035(6) is within her expertise. Because the district court's error was not harmless, we reverse

 

Pundyk's conviction and remand for a new trial consistent with our findings below.

## FACTS AND PROCEDURAL HISTORY

The Washoe County grand jury indicted Pundyk for fatally shooting his mother through a fence and for discharging a firearm into a neighbor's home. Pundyk entered a plea of not guilty by reason of insanity and subsequently underwent evaluation at Lake's Crossing Center to determine competency for adjudication. At least four specialists evaluated Pundyk during his stay, and they ultimately found him competent to stand trial.

Before trial, the State moved to prohibit Dr. Piasecki from testifying that Pundyk was unable to appreciate that his conduct was wrong. After a hearing, the district court granted the State's motion in part, determining that Dr. Piasecki could not provide a conclusion about Pundyk's mental state or his guilt or innocence. However, the district court permitted Dr. Piasecki to opine about Pundyk's ability to form intent at the time of the offense. During trial, the district court sustained the State's objections to two of Pundyk's questions to Dr. Piasecki regarding Pundyk's ability to understand his actions and form a specific plan. Ultimately, the district court allowed Dr. Piasecki to testify that Pundyk "was so disconnected from reality at the time" that "he was not able to form the requisite intent." The jury found Pundyk guilty but mentally ill on both charged offenses. Pundyk appeals, arguing that the district court erred when it limited Dr. Piasecki's testimony.[1]

---

[1]Pundyk also argues that the district court abused its discretion by giving the jury a transferred intent instruction based on conflicting statements by Pundyk that he did not know who or what was on the other

## DISCUSSION

"We review a district court's decision to admit or exclude evidence for an abuse of discretion." *Mclellan v. State*, 124 Nev. 263, 267, 182 P.3d 106, 109 (2008). "An abuse of discretion occurs if the district court's decision is arbitrary or capricious or if it exceeds the bounds of law or reason." *Jackson v. State*, 117 Nev. 116, 120, 17 P.3d 998, 1000 (2001) (citing *State, Dep't of Motor Vehicles & Pub. Safety v. Root*, 113 Nev. 942, 947, 944 P.2d 784, 787 (1997)). To determine if the district court's limitation on Dr. Piasecki's testimony exceeded the bounds of law or reason, we begin with our statutes governing the not-guilty-by-reason-of-insanity plea and expert witness testimony.

NRS 174.035(6) expressly permits a criminal defendant to enter a plea of not guilty by reason of insanity. Under this plea, a defendant has the burden "to establish by a preponderance of the evidence that" he or she did not "[k]now or understand the nature and capacity of his or her act" or "[a]ppreciate that his or her conduct was wrong" due to a "delusional state" caused by "a disease or defect of the mind." NRS 174.035(6).

While Dr. Piasecki proffered expert testimony regarding Pundyk's ability to form the requisite intent at the time of the offenses,

---

side of his fence. "[T]he doctrine of transferred intent is applicable to all crimes where an unintended victim is harmed as a result of the specific intent to harm an intended victim whether or not the intended victim is injured." *Ochoa v. State*, 115 Nev. 194, 200, 981 P.2d 1201, 1205 (1999). Therefore, we hold that the district court acted within its sound discretion when it gave the jury a transferred intent instruction because there is evidence in the record to support it. *See Brooks v. State*, 124 Nev. 203, 206, 180 P.3d 657, 659 (2008) (holding that district courts have broad discretion to settle jury instructions and will not be overturned "absent an abuse of discretion or judicial error").




Pundyk argues that the district court should have allowed her to further opine about his mental state, i.e., whether he failed to appreciate the wrongfulness of his conduct due to a delusional state. In making this argument, Pundyk relies on NRS 50.295, which provides that "[t]estimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." The State argues that Dr. Piasecki's proposed expert testimony regarding Pundyk's mental state was highly prejudicial opinion testimony not otherwise admissible under NRS 50.295. The State relies on *Winiarz v. State*, 104 Nev. 43, 752 P.2d 761 (1988), asserting that it and subsequent decisions preclude expert witnesses from offering opinions about the ultimate issue of a defendant's mental state or condition.

In *Winiarz*, the State's psychiatric expert witness testified that the defendant "murdered her husband in cold blood in a premeditated fashion." 104 Nev. at 46, 752 P.2d at 763 (internal quotation marks omitted). We held that such testimony exceeded the permissible bounds of expert opinion, as it allowed a qualified expert to usurp the jury function of deciding guilt or innocence. *Id.* at 50-51, 752 P.2d at 766. Although we did not reference NRS 50.295 in *Winiarz*, the holding in that decision comports with the rule, as testimony of that nature is tantamount to a legal conclusion and therefore is not "otherwise admissible" under NRS 50.295. *See Collins v. State*, 133 Nev. 717, 724, 405 P.3d 657, 664 (2017) (holding that "[a] witness may not give a direct opinion on the defendant's guilt or innocence in a criminal case"). However, we acknowledge that our decisions regarding psychiatric expert witness testimony on the ultimate issue of mental states have been somewhat incongruous and take this opportunity to reconcile those decisions.

NRS 50.295 expressly allows expert witnesses to proffer testimony that embraces ultimate issues so long as the testimony is otherwise admissible. The otherwise admissible portion of NRS 50.295 is a reference to Nevada's evidence code. Therefore, unless there is an independent basis under Nevada's evidence code for precluding expert witness testimony, an expert witness may proffer testimony that embraces ultimate issues. NRS 50.275 permits expert witnesses to "testify to matters within the scope of" their expertise so long as that testimony "will assist the trier of fact to understand the *evidence* or to determine a *fact in issue*." (Emphases added.) Therefore, expert witness testimony that amounts to a legal conclusion is not admissible because it does not help the trier of fact "understand the evidence" or "determine a fact in issue." *See Collins*, 133 Nev. at 724, 405 P.3d at 664. Thus, we hold that a qualified expert witness may testify regarding whether the defendant meets the elements of the not-guilty-by-reason-of-insanity plea under NRS 174.035(6). Such testimony is factual in nature and helps the trier of fact determine whether the defendant meets that standard. However, we also hold that a qualified expert witness may not offer a direct opinion on the ultimate conclusion that a defendant is not guilty by reason of insanity or the converse. Such testimony is tantamount to a legal conclusion and is not proper under NRS 50.275.

Our decision in *Winiarz* was fact-specific, and we reversed the district court's decision to allow the State's psychiatric expert witness to testify that the defendant was a murderer because of the prejudicial nature of the specific testimony and the "usurpation of the jury function" in offering an opinion as to guilt. 104 Nev. at 50-51, 752 P.2d at 766. Any subsequent decisions that relied solely on *Winiarz* as standing for the proposition that

SUPREME COURT
OF
NEVADA

(O) 1947A

6

any expert witness testimony regarding the mental state of the defendant is prohibited because it embraces an ultimate issue do not comport with NRS 50.295,[2] and we disavow their application of *Winiarz*.[3]

Here, Dr. Piasecki sought to testify that "Pundyk was unable to appreciate that his conduct was wrong, meaning [not] authorized by law." The district court determined that Dr. Piasecki could opine about "Pundyk's ability to form the requisite intent at the time of the offense but [could not] provide a conclusion as to his mental state and, therefore his guilt or innocence." The district court abused its discretion when it prevented Dr.

---

[2]We note that our decision in *Winiarz* referenced Federal Rule of Evidence 704(b) (1984), which precluded expert witness testimony regarding whether the defendant had a "mental state or condition constituting an element of the crime charged or of a defense thereto." 104 Nev. at 51 n.6, 752 P.2d at 766 n.6. We expressly disavow that reference. First, Nevada's evidence code does not contain a statute that is analogous to Federal Rule of Evidence 704(b) (1984). Second, Federal Rule of Evidence 704(b) (1984) is contrary to NRS 50.295. *See Estes v. State*, 122 Nev. 1123, 1136 n.36, 146 P.3d 1114, 1123 n.36 (2006) (noting the tension between Federal Rule of Evidence 704(b) (1984) and NRS 50.295).

[3]In *Estes v. State*, the State's psychological expert witness testified, based upon information contained in police reports, that the defendant's behavior during the criminal incident "seemed deliberate and thoughtful." 122 Nev. at 1130, 146 P.3d at 1119. We held that the admission of such testimony was erroneous under *Winiarz* because it was an opinion that the "defendant had the mental state constituting an element of the crime charged." *Id.* at 1136, 146 P.3d at 1123. We did not identify an independent basis under Nevada's evidence code that supported the exclusion of that testimony, and we can see none, as the expert did not offer an opinion as to guilt or innocence or characterize the defendant as a murderer. Therefore, we overrule this aspect of our holding in *Estes* because expert witness testimony that embraces an ultimate issue is permissible under NRS 50.295 so long as it is otherwise admissible under Nevada's evidence code and does not usurp the jury's function of determining the verdict.

Piasecki from opining about Pundyk's mental state, which is relevant to his not-guilty-by-reason-of-insanity plea. NRS 50.295 expressly permits expert witnesses, like Dr. Piasecki, to proffer testimony that embraces ultimate issues, such as a defendant's mental state when he or she has entered a not-guilty-by-reason-of-insanity plea. Given that the jury found Pundyk was suffering from mental illness, as demonstrated by its verdict of guilty but mentally ill, there is a reasonable probability that Dr. Piasecki's testimony would have affected the outcome of the trial. Thus, we cannot hold that the district court's error was harmless. *Bell v. State*, 110 Nev. 1210, 1215, 885 P.2d 1311, 1315 (1994) (holding that an erroneous decision to exclude "testimony is prejudicial if there is a reasonable probability that the witness'[s] testimony would have affected the outcome of the trial"). Therefore, Pundyk's judgment of conviction must be reversed.

## CONCLUSION

NRS 50.295 expressly permits expert witnesses to proffer testimony that embraces ultimate issues, which includes opinions about a defendant's mental state when he or she has entered a not-guilty-by-reason-of-insanity plea, so long as that testimony is otherwise admissible under Nevada's evidence code and does not stray from psychological opinions about factual matters to conclusions about the appropriate verdict. Applying the correct legal standard to this case, we conclude that the district court abused its discretion by preventing Pundyk's psychiatric expert witness from opining about his mental state for purposes of supporting his not-guilty-by-reason-of-insanity plea under NRS 174.035(6). Because there is a reasonable probability that the psychiatric expert witness testimony would have affected the outcome of the trial, we hold that the district court's error was not harmless. Accordingly, we reverse

Pundyk's judgment of conviction and remand this matter to the district court for a new trial consistent with this opinion.

_____, J.
Cadish

We concur:

_____, J.
Parraguirre

_____, J.
Hardesty