# IN THE SUPREME COURT OF THE STATE OF NEVADA

WALTER HAN LAAK,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 77449

FILED

SEP 3 0 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of one count of throwing a deadly missile; two counts of assault with a deadly weapon; two counts of aggravated stalking; one count of failure to stop required on signal of police officer; one count of battery with use of a deadly weapon; one count of attempted murder with use of a deadly weapon; three counts of discharging firearm at or into occupied structure, vehicle, aircraft, or watercraft; and one count of discharge of firearm from vehicle. Eighth Judicial District Court, Clark County; Jennifer P. Togliatti and Tierra Danielle Jones, Judges.

Appellant Walter Laak argues that (1) the district court abused its discretion by admitting expert testimony, (2) insufficient evidence supported the verdict, and (3) cumulative error warrants reversal. We disagree and affirm the judgment of conviction.

*The district court did not abuse its discretion by admitting the expert testimony*

Laak argues that the State's expert witness, Dr. Coard, "wrongfully . . . opined as to the ultimate issues." First, he argues that Dr. Coard's testimony that Laak was not delusional "certainly suggests that [Laak] was guilty," and so "insinuated" his guilt. Second, he argues that Dr. Coard "testified that he did not believe [Laak] was reasonably justified," which is a legal conclusion.

20-35917

We review admission of expert testimony for abuse of discretion. *Mathews v. State*, 134 Nev. 512, 514, 424 P.3d 634, 637 (2018). A criminal defendant who pleads not guilty by reason of insanity must "establish by a preponderance of the evidence that" he or she did not "[k]now or understand the nature and capacity of his or her act; or . . . [a]ppreciate that his or her conduct was wrong" due to a "delusional state" caused by "a disease or defect of the mind." NRS 174.035(6). "[A] qualified expert witness may testify regarding whether the defendant meets the elements of the not-guilty-by-reason-of-insanity plea under NRS 174.035(6)." *Pundyk v. State*, 136 Nev., Adv. Op. 43, 467 P.3d 605, 608 (2020).

The first statement that Laak argues was an impermissible conclusion was about Laak denying during a police interview that he hit his mother's neighbor with his car, and claiming instead that the neighbor was lying. Essentially, Dr. Coard testified that a delusional person would not recognize the wrongfulness of deliberately striking someone with a car, and so would not bother to deny doing so or claim that the victim was lying. Laak objected to this insofar as he objected during an earlier sidebar to Dr. Coard's use of the word "responsibility." The district court simply instructed the State to clarify that the word, as Dr. Coard used it, was not synonymous with guilt.

While Laak is correct that Dr. Coard's answer *suggested* and *insinuated* that Laak was guilty, it was not "a direct opinion on the ultimate conclusion that a defendant is not guilty by reason of insanity or the converse." *Pundyk*, 136 Nev., Adv. Op. 43, 467 P.3d at 608. It was simply an opinion that Laak's answers were inconsistent with his purported insanity, so the district court did not abuse its discretion by admitting it.

The second statement that Laak argues was an impermissible conclusion was Dr. Coard's testimony that "[he did] not believe that [Laak] was reasonably justified in taking these actions." Laak acknowledges but otherwise seems to disregard Dr. Coard's immediate clarification that he did not believe Laak was *subjectively* justified "[i]n his mind." Laak had objected to the State's preceding question—"[U]nder his delusion would he have been justified?"—as calling for a legal conclusion. The district court sustained his objection after a sidebar in which it explained that the State would need to rephrase the question in order to ask whether Laak *subjectively* believed himself to be justified "[i]n his mind," instead of whether he was *objectively* justified under the law. The State did so, and Dr. Coard answered accordingly.

Laak may have been correct had Dr. Coard answered the State's initial question, which could have elicited an impermissible conclusion. But Laak successfully objected to that question and the State rephrased it in order to elicit an opinion about his mental state. And that is what Dr. Coard gave, opining that in Laak's mind, he was not justified. The district court did not abuse its discretion by admitting that testimony.[1]

---

[1]Laak also argues that the district court abused its discretion by giving Instructions 14 and 30. We decline to consider the first argument because Laak does not argue cogently or cite supporting authority. *Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987). And we decline to consider the second argument because Laak did not object on the same grounds at trial, *Green v. State*, 119 Nev. 542, 545, 80 P.3d 93, 94 (2003) (holding that appellant waived a jury-instruction argument by "fail[ing] to object . . . on the ground he now asserts as error," despite objecting on another ground and persuading the district court to modify the instruction), and as our review of the trial transcript reveals, he invited any potential errors by instead requesting the things to which he now objects, *Carter v. State*, 121

*Sufficient evidence supported the verdict*

Laak argues that insufficient evidence supported the discharge-of-firearm-from-vehicle verdict. He argues that the State presented no evidence that he fired the shots while inside his car, but that the evidence instead showed that "he *stepped out of his car*" and that he "testified that he had not" fired from inside the car.

When reviewing a challenge to the sufficiency of evidence supporting a criminal conviction, this court considers "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992) (emphasis omitted) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

Laak cites nothing supporting his claims that "he *stepped out of his car*" or "testified that he had not" fired from inside the car.[2] In his relevant testimony, Laak instead described in immediate succession (1) driving to the apartment where he fired the shots, (2) stepping on the brakes, (3) taking aim, (4) firing, and (5) leaving. After viewing that testimony in the light most favorable to the prosecution, *McNair*, 108 Nev. at 56, 825 P.2d at 573, a rational trier of fact could have found that Laak did not exit his car but instead fired from inside it, so we conclude that sufficient evidence supported the verdict.

---

Nev. 759, 769, 121 P.3d 592, 599 (2005) ("A party who participates in an alleged error is estopped from raising any objection on appeal.").

[2]We remind Laak's counsel that every factual assertion requires a supporting citation, NRAP 28(e)(1), and that we may issue fees or sanctions for briefs not "presented with accuracy," NRAP 28(j).

And finally, in light of our disposition, there is no error to cumulate.[3] Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Hardesty

_____, J.
Cadish


cc: Hon. Jennifer P. Togliatti, District Judge
Hon. Tierra Danielle Jones, District Judge
James J. Ruggeroli
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

---

[3]Laak also argues that the district court committed several other errors in his cumulative error argument. Because he did not object to those alleged errors at trial and does not argue cogently or cite supporting authority, we decline to consider them. *See Rimer v. State*, 131 Nev. 307, 328 n.3, 351 P.3d 697, 713 n.3 (2015) (explaining that this court need not consider arguments raised for the first time on appeal); *Maresca*, 103 Nev. at 673, 748 P.2d at 6.

SUPREME COURT
OF
NEVADA

(O) 1947A